STATE of Utah, Plaintiff and
Respondent,

v.

Jay Richard NEWTON, Defendant
and Appellant.

No. 18584.

Supreme Court of Utah.

Jan. 4, 1983.

Bradley P. Rich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert A. Parrish, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant was convicted at a jury trial of aggravated robbery of a pharmacy in violation of U.C.A., 1953, § 76–6–302. The only issue here is the correctness of the method employed to obtain identification of the defendant by the pharmacist, one Hunter, and another witness to the crime, one Shepard.

During the robbery a hidden camera was triggered and from the pictures taken, an officer assigned to the case recognized one Bradford as one of the robbers. Other law enforcement officers recognized Bradford as one who "ran around" with the defendant. The officer prepared an array of pictures, including one of the defendant. Both of the eyewitnesses picked defendant's picture as one of the men who, at gunpoint, had robbed the store. The pharmacist had twice seen the person he identified in the picture: once, a short time before the robbery when defendant came in and was sold some merchandise, at which time Hunter observed defendant at a distance of 2 or 3 feet over a several-minute time period; and again, while the pharmacist was being forced to obtain and place bottles of narcotics in a bag held by the robber. Shepard also saw the same person during the robbery, which lasted about 4 or 5 minutes. The two witnesses's identifications were positive and unequivocal. Significantly, the picture they chose from the array fairly reflected, and matched, the description given by the pharmacist to the police at the time of the robbery. On the witness stand, the defendant admitted that it was a photograph taken of him on the occasion of his conviction for a prior felony.

In an effort to support a claim of error in permitting the identifications by the two witnesses, counsel for defendant sets the tone of his thesis when, in his brief, he says that "[t]he inherent dangers of eyewitness identifications has [sic] provided ample grist for the mills of legal scholars."[1] *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), also is cited, where-

---

1. Citing articles in 29 Stanford L.Rev. 969 (1977); 26 Kan.L.Rev. 461 (1978); 7 No.Ky.L. Rev. 407 (1980); 3 Nat.J.Crim.Def. 219 (1977) and 21 Crim.L.Q. 361 (1979).

in, even though approving the use of a photographic array, the Court warned of potential dangers in its use, principally because of the aptness of a witness to remember the photograph, but not necessarily the fact, thereby reducing the trustworthiness of subsequent identification. Such a caveat is a stranger to the instant case where the identification was made by two separate witnesses in an eye-to-eye confrontation for upwards of five minutes, and where one of the witnesses gave an on-the-spot positive description that reasonably matched the mug shot of the defendant.

The defendant refers to several of our own precedents where we said the trial court, in a particular case, should carefully scrutinize identification evidence to detect if it is prejudicially "suggestive." [2] In *State v. Wettstein,*[3] we approved admissibility where there was sufficient testimony from an independent source to guarantee probative trustworthiness, which principle based on fairness was repeated in *State v. Jenkins.*[4]

The defendant cites with approval the dissent in our recent case of *State v. Malmrose.*[5] The dissent simply suggested that admissibility was prejudicial because the facts reflected in the case showed that a) there was only one eyewitness, b) there were discrepancies in description, c) a long time frame passed between the offense and identification, d) the manner of presenting the array was suggestive, and e) that defendant's alibi witnesses substantially corroborated his absence from the site of the offense. None of the items enumerated in the dissent applies here, except that, possibly, of "suggestiveness," upon which defendant solely relies. The only suggestiveness here was said to be the officer's placing defendant's photograph in the array because of his acquaintance with Bradford. As it happened, the officer was right, since the photo reflected fairly an image of the person the pharmacist had described long before being shown the array of pictures, and even a year before the trial and the incidental in-court identification. The officer's suspicion that defendant was one of the robbers has no bearing whatever on the trustworthiness of the photographic confirmation of the independent positive identifications of two competent eyewitnesses to the robbery. The record shows no motive by the officer to deceive anyone.

The test here is not what the officer *thought* or *did,* but the question as to suggestiveness is whether the totality of circumstances incident to the identification is reliable and conducive to probative trustworthiness.[6] The main opinion in *Malmrose* sets out the following factors to be considered in determining admissibility: the opportunity to see the perpetrator of the offense, the degree of attention paid, the accuracy of any description prior to the identification, the certainty of identification when confronted by the offender, and the time frame between the crime and the identification.[7] All these factors were extant in this case and the chances of mistake in recognition are minimal. There are no circumstances in the instant case that indicate that the procedure pursued in reviewing the photographic array was a substantial or any unusual departure from police investigative methods, or any intimation that means of deception were used to lead any witness into an unintended fabrication.

In *State v. Perry, supra,* we said that examining pictures in an array has been a method of long-standing for seeking the truth, which method has been proved to be practical and legitimate. If the method is not abused, it is an appropriate instrument employed by peace officers in investigating crime and in identifying those responsible for its commission.

**2.** *State v. Perry,* 27 Utah 2d 48, 492 P.2d 1349 (1972).

**3.** 28 Utah 2d 295, 501 P.2d 1084 (1972).

**4.** Utah, 523 P.2d 1232 (1974).

**5.** Utah, 649 P.2d 56 (1982).

**6.** *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

**7.** Citing *State v. McCumber,* Utah, 622 P.2d 353 (1980).

We are convinced that the trial court did not abuse its discretion in allowing the identification in this case.

The verdict and judgment are affirmed.