UNIVERSITY OF HAWAII, Plaintiff-Appellee, *v.* UNIVER-
SITY OF HAWAII PROFESSIONAL ASSEMBLY, on
behalf of NED WIEDERHOLT, Defendant-Appellant

NO. 7978

(S. P. NO. 5202)

FEBRUARY 18, 1983

LUM, J., RETIRED JUSTICE MARUMOTO, IN PLACE OF
NAKAMURA, J., RECUSED, AND RETIRED JUSTICES
OGATA AND MENOR, ASSIGNED BY REASON OF VACANCIES*

---

* Chief Justice Richardson, who heard oral argument in this case, retired from the court on December 30, 1982. HRS § 602-10 (1982 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

*Per Curiam.* University of Hawaii Professional Assembly (UHPA) appeals from an order vacating the arbitrator's decision to the extent such decision empowered a tenure committee to grant or deny tenure to grievant Ned Wiederholt.

I.

Ned Wiederholt was a Specialist in the School of Public Health when he applied for tenure on November 22, 1976. The following summarizes what happened to Wiederholt's tenure application.

Department Personnel Committee: voted in favor of tenure.

Department Chairman: recommended against tenure.

School of Public Health Personnel Committee: voted in favor of tenure.

Dean of School of Public Health: recommended against tenure.

Manoa Campus Faculty Personnel Committee: voted in favor of tenure.

Manoa Chancellor: recommended against tenure.

President of University (on behalf of Board of Regents): denied tenure to applicant.

Wiederholt filed a grievance on June 27, 1977, which ultimately went to arbitration. On June 1, 1980, the arbitrator found that the recommendation against tenure submitted by Wiederholt's Department Chairman was arbitrary and capricious, since the Chairman "lacked sufficient knowledge and expertise to fairly and fully assess the Wiederholt application for tenure in the areas of research and community service." The arbitrator also found the recommendation of the Dean to be "without substantial evidentiary support," and thus arbitrary and capricious. The arbitrator declined to award or even recommend tenure on Wiederholt's behalf, but ordered that Wiederholt submit a new application to a panel composed of

tenured faculty chosen by lot and designated representatives of Wiederholt and the various University officials. The arbitrator empowered this panel to grant or deny tenure to the grievant.

The University filed a Motion to Vacate Arbitration Award, which the trial court granted "to the extent that it [the award] invests the tenure review panel with authority to grant tenure to the grievant . . . ."

## II.

### A.

In *University of Hawaii Professional Assembly ex rel. Daeufer v. University of Hawaii,* 66 Haw. 214, 659 P.2d 720 (1983) (hereinafter *Daeufer*), we focused on the arbitration provision of the collective bargaining agreement which stated:

> In any grievance involving the employment status of a Faculty Member, the Arbitrator shall not substitute his judgment for that of the official making such judgment unless he determines that the decision of the official is arbitrary or capricious.

Agreement between UHPA and University of Hawaii (March 1975 - June 1977), Art. XII (B)(4).[1]

We held in *Daeufer* that the above-quoted language allowed the arbitrator to substitute his judgment for that of the official and actually grant tenure or promotion upon a finding of arbitrary or capricious conduct.

In this case, however, instead of deciding whether tenure would be granted to the grievant, the arbitrator empaneled a special tenure review committee to perform that task. Such a course of action is not allowed by the collective bargaining agreement, and we cannot permit it here. The "judgment" of the University officials is limited to determining whether

---

[1] This particular provision of the grievance-arbitration section is identical to that contained in the 1977-79 collective bargaining agreement, which was construed in *Daeufer.*

tenure is to be granted the grievant;[2] they are not empowered to form ad hoc tenure committees to decide the issue for them. Since the arbitrator is allowed to only "substitute his judgment for that of the official making such judgment," it follows that he must be likewise limited in the options he can exercise. As we noted in *Daeufer* "It is the *arbitrator's* construction [of the contract] which was bargained for . . . ." 66 Haw. at 225-26, 659 P.2d at 728 (emphasis added) (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597 (1960)).

We hold that the arbitrator's submission of this tenure grievance to an ad hoc committee was inconsistent with the terms of the collective bargaining agreement, and exceeded his powers as defined in Article XII (B)(4) of that agreement. Thus, under HRS § 658-9(4), the arbitrator's award must be vacated, and rehearing by the arbitrator of this grievance ordered.

### B.

Although we do not pass judgment on the arbitrator's finding of arbitrary and capricious conduct by the University officials in this case, we do pause to emphasize the standard which must guide him: unless the arbitrator can find the decision of the appointing University official to lack any rational basis whatsoever, he cannot substitute his judgment for that of such official. The official's decision need not be the most fair, logical, or judicious one; it need only be rational. With that caveat in mind, we remand to the circuit court with instructions to return this grievance to the arbitrator for reconsideration.

*Thomas P. Gill* (*Gill, Park, Park & Kim* of counsel) (*Lowell K. Y. Chun-Hoon* and *Herbert R. Takahashi* on the briefs) for defendant-appellant.

*Cynthia Winegar* and *Edward Yuen,* Deputy Attorneys General, for plaintiff-appellee.

---

[2] The University officials could also remand the matter for reconsideration to a lower level; this would be an option available to the arbitrator as well.