In the Matter of the Arbitration Between A. THOMAS STRICKLAND, Appellee, and RONALD L. SEIPLE, Appellant

NO. 9354

(S.P. NO. 6000)

APRIL 25, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

This is an appeal from the circuit court's confirmation of an arbitration award. The dispositive issue is whether the arbitration award lacked sufficient definiteness to render it a final award so that the court erred in confirming it. We answer yes and reverse and remand.

A. Thomas Strickland (Strickland) and Ronald L. Seiple (Seiple) formed a partnership[1] to purchase and renovate a residence in

_____

[1] Although there was no formal partnership agreement, the arbitrator found that A. Thomas Strickland (Strickland) and Ronald L. Seiple (Seiple) formed a partnership for the venture and were partners. We adopt the arbitrator's findings in these regards.

Kaneohe. The partners agreed that Strickland would be entitled to 2/3 and Seiple to 1/3 of the net proceeds when the property was eventually sold. Differences arose between the partners and on February 22, 1982, they entered into an arbitration agreement. The agreement designated architect Robert E. Wiese (Wiese) as arbitrator to hear and resolve the following disputed matters: (1) each partner's share of the completed venture, based on his original investment, additional capital invested, and labor and materials contributed; (2) the amount of a finder's fee for Seiple; (3) the value of the actual and beneficial occupancy of the property enjoyed by Strickland; and (4) the time and method of distribution of proceeds between the partners upon sale of the property.

On May 9, 1982, Wiese submitted to the partners his "Findings in Arbitration" (the original award). The original award was very detailed and basically determined that: each partner would recover his contributions to the cost of the project and receive extra compensation for labor performed by him; Seiple should not be paid a finder's fee; Strickland should be hired as a resident manager and be paid a salary equal to his rent;[2] upon sale of the property, 2/3 of the profit attributable to the land would be allotted to Strickland and 1/3 to Seiple; 60% of the profit attributable to the residence would be allotted to Strickland and 40% to Seiple; accurate books of accounts should be established and maintained; and the partnership should be dissolved as soon as possible.

Subsequently, Seiple requested that Wiese reexamine the original award. Wiese did so, and based on the new information supplied him by Seiple, concluded that some of the original findings were incomplete. On June 29, 1982, Wiese issued the "Revision of the Findings in Arbitration" (the revised award) which increased Seiple's share in the net profits attributable to the residence to 43.67%, decreased Strickland's share to 56.34%, increased Seiple's extra compensation for labor, decreased Strickland's extra compensation for labor, and deleted the requirement for a resident manager. The other findings were left essentially intact. Wiese mailed copies of the revised award to both partners, and notified

---

[2] The arbitrator did not determine "the value of the actual and beneficial occupancy of the property enjoyed by Strickland" since Strickland had performed the duties of a resident manager, and the value of those services offset any rent charges.

Strickland that he should respond within ten days or the revised award would become final. On July 10, 1982, Strickland wrote a 13-page rebuttal, including his own revised estimate of the hours he had worked on the project. After entertaining further comments from Seiple, Wiese wrote to the partners on September 10, 1982 notifying them that he had affirmed the revised award.

Pursuant to Hawaii Revised Statutes (HRS) § 658-8 (1976), Strickland filed a motion in the circuit court to confirm the original award on January 31, 1983. After a hearing, the court granted the motion on March 14, 1983, and a judgment was filed on March 31, 1983. Seiple's appeal followed.

I.

Judicial review of an arbitration case is severely limited in our jurisdiction. Since the "primary purpose of arbitration is to avoid litigation," *Mars Constructors, Inc. v. Tropical Enterprises, Ltd.*, 51 Haw. 332, 334, 460 P.2d 317, 319 (1969), our supreme court has "decided to confine judicial review to the strictest possible limits." 51 Haw. at 335, 460 P.2d at 319. *See also Richards v. Ontai*, 20 Haw. 198 (1910); *In re Oahuan, Ltd.*, 4 Haw. App. 295, 666 P.2d 603 (1983). Both the circuit court's review of an arbitration award and an appellate court's review of a judgment entered by the circuit court confirming the arbitration award are restricted by HRS §§ 658-9 and 658-10 (1976). *Morrison-Knudsen Co., Inc. v. The Makahuena Corp.*, 66 Haw. 663, 675 P.2d 760 (1983); *Kim v. Mel Cummins Building Contractor, Inc.*, 57 Haw. 186, 552 P.2d 1117 (1976); *Mars Constructors, Inc. v. Tropical Enterprises, Ltd., supra.* Thus, an arbitration award may be vacated only on one of the four grounds specified in HRS § 658-9[3] and modified or corrected only on one of the

---

[3] The four grounds under HRS § 658-9 are:

    (1) Where the award was procured by corruption, fraud, or undue means;

    (2) Where there was evident partiality or corruption in the arbitrators, or any of them;

    (3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;

    (4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

 

three grounds set forth in HRS § 658-10.[4]

## II.

Relying on HRS § 658-9(4), Seiple contends that since the original award lacks finality and definiteness, the circuit court erred in not vacating it.[5] We agree.

An arbitration award is considered to be final when consideration of the submitted issues has been concluded and a resolution reached. *Brennan v. Stewarts' Pharmacies, Ltd.,* 59 Haw. 207, 579 P.2d 673 (1978). Although there is no requirement that the award be self-executing, and although "it is not faulty because litigation may ensue in enforcing it," 6 C.J.S. *Arbitration* § 111(b) (1975), it should be "sufficiently definite that only ministerial acts of the parties are needed to carry it into effect," *Mercury Oil Refining Co. v. Oil Workers International Union,* 187 F.2d 980, 982 (10th Cir. 1951); *see also* 6 C.J.S. *Arbitration* § 115 (1975), and "clear enough to indicate unequivocally what each party is required to do." Martin Domke, *Domke on Commercial Arbitration* § 28:04 (Rev. Ed. 1984) (Domke).

In both the original and revised awards, Wiese drafted extremely detailed findings. For each question submitted for resolution, he methodically delineated the problems inherent in each issue, discussed the solution arrived at and his reasoning, and finally gave step-by-step guidelines as to how the solution was to be implemented.

---

[4] The three grounds specified in HRS § 658-10 are:

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award;

(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;

(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.

[5] Seiple also contends that (1) the original award was not an award within the meaning of Hawaii Revised Statutes (HRS) § 658-8 (1976) since it was not "acknowledged or proved in like manner as a deed for the conveyance of real estate" and (2) the revised award was the final award since Strickland consented to further proceedings by the arbitrator, and he is estopped from challenging the revised award. Our disposition of the appeal renders unnecessary any discussion of these contentions.

In both awards, although Wiese's resolution of the first three questions might be complete enough to be considered a final award, there is a serious problem with the fourth. In the original award Wiese determined that:

> [t]he net profit from the land will be split according to the one-third/two-third ratio. With the profit on the residence established, this profit will be divided with 40% going to [Seiple] and the remaining 60% going to [Strickland].

Record at 30-31. Since Wiese's solution utilizes different percentage splits for the net profits attributable to the land and to the residence, some definitive means of valuing the land and the residence when the property is sold in the future is necessary. Wiese failed to specify this in the original award. The revised award failed to cure this defect. It merely altered the percentage split for the net profit attributable to the residence.

Strickland argues that the original award does include conclusive means of valuing the land and residence. He asserts that Wiese referred to an appraisal made by Harlin Young and used that "as a basis for calculating the division of proceeds as demonstrated in the hypothetical sale price" of $580,000. Answering Brief at 34. We disagree.

In the original award, Wiese merely demonstrated the steps involved in calculating the partners' distributive shares of the net profit attributable to the residence by using a hypothetical sale price of $580,000 for the property and a value of $225,000 for the residence based on Harlin Young's appraisal. Wiese could have, but did not, freeze the value of the residence at $225,000 for the purpose of computing each partner's share of the net property whenever the property would be sold in the future. Even though such freezing of value might have been unfair since the value of the residence could be substantially more or less than $225,000 depending on when the property would be sold in the unpredictable future, such an award would have been confirmed. It is not the court's function to review the merits of an arbitration award. *Morrison-Knudsen v. The Makahuena Corp., supra; In re Oahuan, Ltd., supra.*

We foresee an impediment in the partners' mutually agreeing to any valuation because Strickland will profit from a high valuation of the land while Seiple will benefit from a high valuation of

the residence. Therefore, Wiese should have specified the means of determining the value of the land and residence at the time of sale of the property upon the partners' failure to agree. He could have named an appraiser to determine the valuation or specified a procedure for the selection of an appraiser.

"An award should be certain and must leave open no loophole for future dispute and litigation; when it is incomplete, uncertain, and indefinite it cannot be sustained." 5 Am. Jur. 2d *Arbitration and Award* § 141 at 622 (1962). We hold that under HRS § 658-9(4) Wiese failed to make a "final and definite award" and, therefore, the circuit court erred in confirming the original award. *See University of Hawaii v. University of Hawaii Professional Assembly, Wiederholt,* 66 Haw. 228, 659 P.2d 729 (1983); *University of Hawaii Professional Assembly, Daeufer v. University of Hawaii,* 66 Haw. 214, 659 P.2d 720 (1983); *Brennan v. Stewarts' Pharmacies, Ltd., supra.*

Accordingly, we reverse and remand to the circuit court with instructions to return the entire dispute to the arbitrator for further action.

*Randolph R. Slaton (Chee, Oshiro, Williams & Slaton,* A Law Corporation, of counsel) for appellant.

*Michael L. Freed (Cheryl A. Nakamura* with him on the brief; *Hamilton, Gibson, Nickelsen, Rush & Moore,* of counsel) for appellee.