**GENEROSA GOZUM** and **VIRGILIO GOZUM,** Movants–Appellees, v. **AMERICAN INTERNATIONAL ADJUST-MENT COMPANY, INC.,** Respondent–Appellant

NO. 14450

(S. P. NO. 89–0337)

JANUARY 30, 1991

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY LUM, C.J.

This court is called upon to reverse an order confirming an arbitration award, thus remanding for clarification of a purportedly ambiguous award, or, alternatively, to vacate the arbitration award pursuant to Hawaii Revised Statutes (HRS) § 658–9(4) (1985). Although Appellees urge that the statutory time available for vacating, modifying or correcting an award has run pursuant to HRS § 658–11, reading the arbitration statute as a whole, we conclude that the relief requested is within the construction of the statute. Therefore, since we agree with Appellant that the award is ambiguous, we reverse the order confirming the award, and remand to the lower court with instructions that the issue be clarified by the arbitrator.

### I.

This case arises from the arbitration of damages granted to Appellees under their underinsured motorist (UIM) coverage. Appellees suffered injuries in a car accident caused by a third party, who is not involved in this suit. Initially, Appellees received $35,000 from the third party's insurer, that amount being the policy limit of that coverage. Appellees' own carrier, Appellant herein, disbursed $15,000 to Appellees in no–fault benefits for special damages.

As Appellees claimed their damages were still greater than the $50,000 received, they went back to Appellant for additional

compensation under their UIM coverage. As the parties did not agree on the amount still due, they submitted to arbitration. The arbitration agreement is not part of the record, violating HRS § 658–13(a)(1), and therefore is not helpful in evaluating this appeal. However, the arbitrator's decision is in the record, and reads as follows:

This matter has been submitted to the undersigned for paper arbitration to determine the amount of damages sustained by claimants, Generosa Gozum and Virgilio Gozum, under the underinsured policy issued by American International Adjustment Company. The parties stipulated that the general damages award in this instance for which American International Adjustment Company, the UIM carrier, should be responsible can be no more than its policy limits.

From the evidence presented by the parties, particularly the medical records herein, the Arbitrator concludes that the damages sustained by claimants for which the UIM carrier should be responsible from that automobile accident involving Terrence Arashiro on January 15, 1988 is $23,500.00.

The arbitrator issued his decision on June 26, 1989. Appellant, on July 21, 1989, issued a check to Appellees for $8,500—the difference between the Arbitrator's Award and the earlier no–fault disbursement. Appellees returned the check, claiming Appellant owed them $23,500. On August 2, 1989, Appellant asked the arbitrator if it would be possible to obtain a clarification of the award. The arbitrator offered to hold a special hearing, but Appellees declined to participate.

Appellees then initiated the confirmation proceedings in the circuit court which give rise to this appeal. The judge denied the first motion for confirmation, ordering the parties to return to the arbitrator. The parties could not agree on what question(s) to pose

to the arbitrator, and Appellees moved for further hearing on the confirmation motion. On rehearing, the judge granted the motion and entered an order confirming the arbitration award. Appellant then filed this appeal.

## II.

A motion to vacate, modify, or correct an arbitration award must be served on the adverse party within ten days after the award is made and served. HRS § 658–11 (1985). Proceedings for enforcement of an award may be stayed pending the outcome of such a motion. *Id.* In this case, Appellees argue that since lacking such motion within ten days of the award, Appellant may not now raise an argument that the award should be vacated, modified, or corrected. In response to that argument, we merely comment that clarification, such as that requested here, does not fit within the literal definition of vacating, modifying, or correcting an award. In any case, this court is not disposed to read the statute cited in such a narrow manner. We read the statute in its entirety.

We note first, that Appellant made a good faith effort to first satisfy the award, and then to clarify it with the arbitrator. Appellant issued a check less than a month after the arbitrator's decision. Only twelve days after this, on realizing that there was a difference of opinion in interpreting the award, Appellant requested that the parties return to the arbitrator for clarification. There is nothing in the statutes to prevent such an action. Despite the arbitrator's apparent willingness to clarify his decision, Appellees shortly decided to take a different tack on the proceedings.

The Appellees chose to file a motion for confirmation pursuant to HRS § 658–8. A relevant portion of that statute reads:

[A]ny party to the arbitration may apply to the circuit court . . . for an order confirming the award. Thereupon the court shall grant such an order, unless the award is

> vacated, modified, or corrected, as prescribed in sections
> 658–9 and 658–10.

The statute reads as a mandate to confirmation, unless the award is affected by either of the sections mentioned. As we see it, HRS § 658–9(4) does affect the award.

> [T]he court may make an order vacating the award, . . .
> [w]here the arbitrators . . . so imperfectly executed [their
> powers] that a mutual, final, and definite award, upon the
> subject matter submitted, was not made.
>
> . . . the court may in its discretion direct a rehearing
> by the arbitrators.

HRS § 658–9(4). We make three points from reading this subsection in conjunction with the rest of the statute.

First, the Intermediate Court of Appeals has had occasion to discuss the phrase "mutual, final, and definite" in terms of an arbitrator's award. *In re Strickland*, 5 Haw. App. 168, 680 P.2d 533 (1984). The *Strickland* court specifically stated that "[a]n award should be certain and must leave open no loophole for future dispute and litigation; when it is incomplete, uncertain, and indefinite it cannot be sustained." *Id.* at 173, 680 P.2d at 536. We agree with that logic, and see it as directly applicable to the instant case. There is obviously a dispute, and this appeal is evidence of the beginning of additional litigation. Therefore, the award is not sustainable.

Our second point noted is that it was within the lower court's jurisdiction to direct that the award be returned to the arbitrator for clarification. The lower court gave the direction, but the parties failed to follow through on that order. The arbitrator was not given an opportunity to assist the court in carrying out the intent of the arbitration.

Finally, we address Appellees' argument concerning the problem of the ten–day period within which a motion to vacate an award must be made under HRS § 658–11. Reading HRS § 658–8 and § 658–9 together, the court could order the award vacated,

modified, or corrected at the confirmation hearing. In such a case, the time constraint of § 658–11 would not be applicable. Here, Appellees moved the court to confirm the award under HRS § 658–8; it was not a motion by Appellant to vacate, modify or correct under HRS § 658–11. HRS § 658–11 applies when a party wishes to contest the award on its face, and the motion is made by the party seeking a change in the substance of the award. That is not the case here. Appellant only asked the lower court not to confirm the award.

Therefore, based on our reading of the statute, it is proper under these circumstances, to ask for clarification from an arbitrator after the ten–day period has expired.

## III.

We have already stated our belief that the award is ambiguous. Since the parties failed to agree on what question should be submitted to the arbitrator for clarification, we briefly address the issue. As noted, this court was denied the privilege of access to the initial arbitration agreement, so our perception of the issue is gleaned from the record as it stands.

The argument is simply whether the $23,500 award is strictly general damages, and therefore whether it is over and above the $15,000 in special damages already paid to Appellees by Appellant under no–fault insurance. More simply stated, how much does Appellant still owe to the Appellees? The issue may be put to the arbitrator in the form of separate questions, or as a general request to clarify his award.

We reverse the circuit court's March 12, 1990 Order Granting Movants' Motion to Confirm Award of Arbitrator and for Costs, Interest and Attorneys' Fees, and remand for further proceedings consistent with this opinion.

Reversed.

*Katharine Nohr* (*Carleton B. Reid* and *J. Thomas Weber* on the briefs; Davis, Reid & Richards, of counsel) for Respondent–Appellant.

*David Kiyoshi Kuwahara* (*Erlinda Dominguez* and *William Copulos* with him on the brief; Erlinda Dominguez, Attorney at Law, of counsel) for Movants–Appellees.