THE ARBITRATION OF THE BOARD OF DIRECTORS OF THE ASSOCIATION OF APARTMENT OWNERS OF TROPICANA MANOR and **THE ASSOCIATION OF APARTMENT OWNERS OF TROPICANA MANOR**, Claimants–Appellants, and **PARKER D. JEFFERS** and **JAMES P. MATTHEWS**, Respondents–Appellees, and **CATHERINE K. NGO**, Respondent–Appellee

NO. 15209

(S. P. NO. 90–0106)

MAY 14, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.*

*Associate Justices Padgett and Hayashi, who heard oral argument, retired from the court on March 29, 1992. *See* HRS § 602–10 (1985).

OPINION OF THE COURT BY MOON, J.

Claimants–appellants The Board of Directors of the Association of Apartment Owners of Tropicana Manor (Board) and The Association of Apartment Owners of Tropicana Manor (Association) (collectively, appellants) appeal from the order granting respondents–appellees Parker D. Jeffers and James P. Matthews's (appellees) motion to confirm an amended arbitration award. Appellants assert that the circuit court erred 1) in confirming the amended arbitration award, and 2) in denying their petition to vacate the amended award and to confirm the original award.

Based on our determination that the arbitrator exceeded his authority by reopening the arbitration hearing after he issued the original award, we reverse the order confirming the amended arbitration award and remand with instructions to vacate the amended award and to confirm the original award.

## I.

Appellees and Catherine K. Ngo (Ngo) are owners of apartments at the Tropicana Manor condominium project (Tropicana Manor). In November 1987, appellees filed a complaint against Ngo and appellants, seeking the removal of Ngo's unauthorized alteration and addition to the common elements of the Tropicana Manor. Ngo had placed a water heater and concrete pad on the lanai outside her apartment. By this action, appellees sought to compel the Board to enforce the provisions of Hawaii Revised Statutes (HRS), Chapter 514A, and the Declaration of Horizontal Property Regime and By–Laws of the Tropicana Manor.

In April 1989, appellants filed a motion to compel arbitration pursuant to HRS §§ 514A–121 and 658–5,[1] which was granted by the circuit court. Appellants also filed a demand for arbitration with the American Arbitration Association (AAA). The AAA established its Horizontal Property Regime Rules (HPR Rules) and

---

[1] HRS § 514A–121 (1985) requires the arbitration of disputes involving an apartment owner and an association of apartment owners, the board of directors, managing agent, or another apartment owner, relating to HRS Chapter 514A or the association's declaration, bylaws or house rules, upon the request of any party.

HRS § 658–5 (1985) provides:

If any action or proceeding is brought upon any issue referable to arbitration under an agreement in writing, the circuit court, upon being satisfied that the issue involved in the action or proceeding is referable to arbitration under such an agreement in writing, shall stay the trial of the action or proceeding until the arbitration has been had in accordance with the terms of the agreement, provided the applicant for the stay is not in default in proceeding with the arbitration.

HRS Chapter 658 as the arbitration rules, and ultimately appointed Walter H. Ikeda (Ikeda) as the arbitrator.

On January 29, 1990, Ikeda issued his award (original award) which provided, among other things, that: 1) Ngo was to remove the water heater and enclosure by a certain date unless appellants amended the horizontal property regime governing the Tropicana Manor, and obtained the consent of seventy–five percent of the apartment owners to permit that type of intrusion into the common elements; 2) appellees could recover costs and attorneys' fees from appellants "not to exceed the amount of $18,000.00;" and 3) Ngo could recover damages from the Board for the cost of the removal of the water heater and enclosure, and attorneys' fees and costs "in an amount not to exceed $18,000.00."

On January 30, 1990, Ngo wrote to the AAA requesting clarification as to whether her $18,000.00 award included both the cost of removal and her attorneys' fees and costs, and also whether she had to remove both the water heater and enclosure or just the water heater. On January 31, 1990, appellees also requested clarification from the AAA regarding: 1) whether appellees were each entitled to recover $18,000.00; 2) whether the award required an affirmative vote of the owners of seventy–five percent of the common interest, not seventy–five percent of the owners; and 3) whether the award amount was equal to $18,000.00 or whether the arbitrator contemplated an additional hearing on the amount of the award for fees and costs.

On February 2, 1990, appellants wrote to the arbitrator, asserting, among other things, that additional hearings or briefings were not required. However, by his letter dated February 5, 1990, Ikeda announced that "on his own motion pursuant to Section 14 of the Horizontal Property Regime Rules of the American Arbitration Association[2] [he] has decided to reopen the hearing to consider

---

[2] Section 14 of the HPR Rules of the AAA provides:

modifying the award for the limited purpose of reconsidering attorneys['] fees and costs."

Shortly after the parties submitted memoranda on fees and costs, appellants filed with the AAA a motion to close the hearing and let stand the original award, asserting that Ikeda lacked authority to reopen the hearing after the award was made or to otherwise modify the award. Ikeda did not formally respond to the motion, but amended the original arbitration award. Subsequently, the AAA transmitted the amended award to the parties. The amended award was identical to the original award except that the limits placed on the amounts that the parties could recover were increased to $59,663.07 for appellees and $32,648.80 for Ngo.

Appellants filed a petition to vacate the amended award and to confirm the original award, which the circuit court denied. Ultimately, the circuit court granted appellees' motion to confirm the amended arbitration award. Appellants' timely appeal followed.

## II.

Our review of the arbitration awards in this case is circumscribed by the well–established rule that "[b]ecause of the legislative policy to encourage arbitration and thereby discourage litigation, judicial review of an arbitration award is confined to 'the strictest possible limits[.]' " *Gadd v. Kelley*, 66 Haw. 431, 441, 667 P.2d 251, 258 (1983) (quoting *Mars Constructors, Inc. v. Tropical Enters., Ltd.*, 51 Haw. 332, 336, 460 P.2d 317, 319 (1969)). Courts are authorized to vacate an arbitration award based only on the four grounds specified in HRS § 658–9,[3] and to

---

REOPENING OF HEARINGS — The hearing may be reopened on the Arbitrator's own motion, or upon application of a party at any time before the award is made, and the Arbitrator shall have thirty days from the closing of the reopened hearing within which to make an award.

[3] HRS § 658–9 (1985) provides:

modify or correct an award only on the three grounds specified in HRS § 658–10. [4] *Mars Constructors*, 51 Haw. at 336, 460 P.2d at 319. Sections 658–9 and 658–10 "also restrict the authority of [appellate courts] to review judgments entered by circuit courts confirming the arbitration awards[.]" *Id.* at 336, 460 P.2d at 320. Moreover, the courts have "no business weighing the merits of . . . the [arbitration] award." *Local Union 1260, Int'l Bhd. of Elec.*

---

**Vacating award.** In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud, or undue means;

(2) Where there was evident partiality or corruption in the arbitrators, or any of them;

(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may in its discretion direct a rehearing by the arbitrators.

[4] HRS § 658–10 (1985) provides:

**Modifying or correcting award.** In any of the following cases, the court may make an order modifying or correcting the award, upon the application of any party to the arbitration:

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award;

(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof, and promote justice between the parties.

*Workers, AFL–CIO v. Hawaiian Tel. Co.*, 49 Haw. 53, 58, 411 P.2d 134, 137 (1966). Finally, "HRS § 658–8 contemplates a judicial confirmation of the award issued by the arbitrator, 'unless the award is vacated, modified, or corrected' in accord with HRS §§ 658–9 and 658–10." *Morrison–Knudsen Co. v. Makahuena Corp.*, 66 Haw. 663, 672, 657 P.2d 760, 767 (1983).

## A. The Amended Award

Based on our review of the record and the applicable law, we find that the amended award cannot be confirmed because the arbitrator exceeded his authority by reopening the hearing. As asserted by appellants, under the doctrine of *functus officio*,[5] the arbitrator's authority in the arbitration proceedings terminated once he issued the original award.

The doctrine is explained by one authority as follows:

> When an award has been made, the authority of the arbitrator comes to an end. He becomes functus officio. Under general principles of arbitration law he cannot in any way change or explain his award unless his authority is reinstated in writing by all parties, or the matter is returned to him by the appropriate court.

DOMKE ON COMMERCIAL ARBITRATION § 32:01, at 458–59 (rev. ed. 1991) (footnotes omitted). The policy underlying the common law principle that the arbitrator becomes *functus officio* once he or she makes and publishes a final award, is

> an unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re–examine a final decision which he has already rendered, because of the potential evil of outside communi-

---

[5] *Functus officio* is "[a] task performed." The term is applied "to an officer whose term has expired and who has consequently no further official authority[.]" BLACK'S LAW DICTIONARY 673 (6th ed. 1990).

cation and unilateral influence which might affect a new conclusion.

*McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir.) (quoting *La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 572 (3d Cir. 1067)), *cert. denied*, 459 U.S. 1071 (1982).

"An arbitration award is considered to be final when consideration of the submitted issues has been concluded and a resolution reached." *Strickland v. Seiple*, 5 Haw. App. 168, 171, 680 P.2d 533, 535 (1984) (citing *Brennan v. Stewarts' Pharmacies, Ltd.*, 59 Haw. 207, 579 P.2d 673 (1978)). The record establishes that the original award in the instant case was the arbitrator's final award. The original award stated that it was "in *full settlement of all issues* submitted to arbitration." (Emphasis added.) Thus, once Ikeda issued the original and final award, he lost all authority in the proceeding, and could not reopen the hearing.

Ikeda stated in his letter of February 5, 1990 that he was reopening the hearing pursuant to HPR Rule § 14. In the order denying appellants' petition to vacate the amended award and to confirm the original award, the circuit court found that Ikeda had reopened the hearing "pursuant to the powers given to him under Section 514A–121, Hawaii Revised Statutes, and Sections 14 and 22 of the [HPR] Rules."

Section 14 provides for the reopening of hearings as follows:

REOPENING OF HEARINGS — The hearing may be reopened on the Arbitrator's own motion, or upon application of a party at any time before the award is made, and the Arbitrator shall have thirty days from the closing of the reopened hearing within which to make an award.

According to appellees'[6] reading of HPR Rule § 14, the arbitrator may reopen the hearing at any time, and the limitation of "at any

---

[6] Ngo filed a joinder to appellees' Answering Brief and thus adopted their arguments. To facilitate the discussion, we will refer only to appellees' arguments.

time before the award is made" applies when a party is seeking to reopen. We disagree with appellees' construction.

First, we acknowledge that, because of the legislative policy to encourage arbitration and discourage litigation, arbitrators are accorded broad discretion in resolving disputes, *Salud v. Financial Security Insurance Co.*, 7 Haw. App. 329, 763 P.2d 9, *cert. denied*, 70 Haw. 664, 796 P.2d 501 (1988), and in making their decisions and awards, *Oahuan, Ltd. v. Trustees of Violet K. Maertens Trust Estate*, 4 Haw. App. 295, 298, 666 P.2d 603, 606 (1983). Second, under the doctrine of *functus officio*, the arbitrator's authority terminates when the award is rendered. Third, no award can be considered final, despite the intentions of the parties, until court confirmation of the award has been obtained. HRS § 658–8.[7] The lack of finality would discourage parties from arbitrating their disputes, and would contravene the public purpose of arbitration. For these reasons, section 14 must be construed to allow the arbitrator to reopen the hearing on his own motion at any time *before*, but not after, the award is made.

For the same reasons, we also find that neither section 22 of the HPR Rules[8] nor HRS § 514A–121[9] allowed the arbitrator to

---

[7] HRS § 658–8 provides, in pertinent part:

At any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court specified in the agreement, or if none is specified, to the circuit court of the judicial circuit in which the arbitration was had, for an order confirming the award. Thereupon the court shall grant such an order, unless the award is vacated, modified, or corrected, as prescribed in sections 658–9 and 658–10.

[8] Section 22 of the HPR Rules provides: "INTERPRETATION AND APPLICATION OF RULES — The Arbitrator shall interpret and apply these Rules insofar as they relate to his or her powers and duties. All other rules shall be interpreted and applied by the AAA, as administrator."

[9] HRS § 514A–121 provides, in pertinent part, that "notwithstanding any rule to the contrary, the arbitrator shall conduct the proceedings in a manner which affords substantial justice to all parties."

reopen the hearing after he made the original award. We note that HRS § 514A–121 provides that "where any arbitration rule conflicts with chapter 658, chapter 658 shall prevail[.]" Thus, even if the HPR Rules allowed the arbitrator to modify or correct a final award, the arbitrator would be precluded from doing so by Chapter 658. Absent such authority, an arbitrator has no jurisdiction over the arbitration proceeding once he issues the final award.

However, appellees assert that an arbitrator's authority to decide jurisdictional issues was recognized in *Westin Hotel Co. v. Universal Investment, Inc.*, 72 Haw. 178, 811 P.2d 467 (1991). However, we question the applicability of *Westin Hotel* to the instant case. In *Westin Hotel*, the majority found that the appellee had submitted the issue of whether the arbitrator had personal jurisdiction over appellee when appellee allegedly did not conduct any business in Hawaii. Even assuming that *Westin Hotel* indicated that arbitrators have the power to determine questions of jurisdiction, we reject the notion that an arbitrator has continuing jurisdiction to reopen the hearing once a final award has been issued without concurrence by all parties.

The arbitrator in the present case exceeded his powers by reopening the hearing. We therefore reverse the order confirming the amended award and remand with instructions to vacate the amended award pursuant to HRS § 658–9(4).

HRS § 658–9(4) authorizes a court to

make an order vacating the award, upon the application of any party to the arbitration:

. . . .

(4)   Where *the arbitrators exceeded their powers*, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

HRS § 658–9(4) (1985) (emphasis added).

Appellees contend that HRS § 658–9(4) requires the satisfaction of a two–pronged test: 1) that the arbitrator exceeded his powers, and 2) that as a result of the arbitrator's conduct, "a mutual, final, and definite award, upon the subject matter submitted, was not made." We decline to adopt this two–pronged test because we find that when an arbitrator is found to have exceeded his or her powers, it logically follows that "a mutual, final, and definite award, upon the subject matter submitted" cannot exist. *See, e.g., University of Hawaii v. University of Hawaii Professional Assembly ex rel. Wiederholt,* 66 Haw. 228, 659 P.2d 729 (1983) (per curiam) (arbitration award vacated under HRS § 658–9(4); arbitrator exceeded his powers). Consequently, having exceeded his powers when he reopened the instant case, the resulting amended award cannot be said to be a mutual, final, and definite award.

Finally, appellees argue that under HPR Rule § 15,[10] appellants waived their right to object to the reopening of the hearing and to the amended award. It is well–settled that parties cannot waive subject matter jurisdiction. *In re Application of Rice,* 68 Haw. 334, 713 P.2d 426 (1986); *Meyer v. Territory of Hawaii,* 36 Haw. 75 (1942). Thus, because a jurisdictional issue as to the arbitrator's authority to reopen the hearing is involved, we find that appellants could not have waived their right to object to the reopening.

## B. The Original Award

The original award provides, among other matters, that [appellees] are entitled to recover costs and attorneys['] fees from [appellants] . . . not to exceed $18,000.00.

---

[10] Section 15 of the HPR Rules provides: "WAIVER OF RULES — Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with, and who fails to state his or her objections thereto in writing, shall be deemed to have waived his or her right to object."

> [Ngo] is entitled to recover damages from the claimant, the Board . . . for the cost of removal of the waterheater [sic] and enclosure and attorneys['] fees and costs in an amount not to exceed $18,000.00.

The language of the original award is plain and unambiguous that appellees were to recover costs and attorneys' fees "not to exceed $18,000.00," and that Ngo was to recover damages and attorneys' fees and costs "in an amount not to exceed $18,000.00." The award contemplated that appellees would share in the total award of $18,000.00, and that Ngo was to receive $18,000.00 for removing the water heater and enclosure and for her attorneys' fees and costs.

With regard to Ngo's query as to whether she was required to remove both the water heater and enclosure, we note that the parties did not address this "ambiguity" in their briefs, and that the record does not reveal what, if anything, was determined as to this question. However, the language of the original award, which was identical to the amended award, is plain and unambiguous that both the water heater and enclosure were to be removed.

With regard to appellees' query regarding the voting procedure required to amend the Declaration, appellants pointed out in its letter to the arbitrator dated February 2, 1990, that seventy–five percent of the owners was equal to seventy–five percent of the owners of the common interest.

The parties also apparently agreed that the term "not to exceed" used by the arbitrator in the original award was to be interpreted as meaning that the award would be the full amount stated.

Despite the clear language of the award, appellees and Ngo requested the arbitrator to "clarify" certain alleged ambiguities. It appears, however, that the parties were actually seeking a modification or correction of the award in the guise of a clarification. Indeed, Ikeda responded to the parties' requests by reopening the

hearing "to consider *modifying* the award for the limited purpose of reconsidering attorneys['] fees and costs." (Emphasis added.)

Any change in the amounts awarded to the parties would effect a modification or correction, not a clarification. "Clarify" is defined as "to make (an idea, statement, etc.) clear or intelligible; to free from ambiguity." THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 380 (2d ed. 1983). It is significant that Ikeda's only change to the original award was to increase the amounts to be received by appellees and Ngo. The substantial increases in the amounts represented a non–judicial modification of the original award in violation of HRS Chapter 658. Chapter 658 provides that only the courts may vacate, modify, or correct an award upon the application of any party pursuant to HRS §§ 658–9 and 658–10, and that notice of such motion must be timely served upon the adverse party, pursuant to HRS § 658–11.[11]

By seeking clarification of the unambiguous original award instead of moving to vacate, modify, or correct the award pursuant to HRS §§ 658–9 and 658–10, or demanding a trial de novo pursuant to HRS § 514A–127 in a timely fashion, appellees waived their right to any judicial review of the award.

*Gozum v. American International Adjustment Co.*, 72 Haw. 41, 805 P.2d 445 (1991), lends support to our conclusions that the award was unambiguous and that Ikeda modified, rather than clarified the original award. In *Gozum*, we distinguished an arbitrator's clarification of an ambiguous award from a court's vacation, modification, or correction of an award. We recognized that "clarification . . . does not fit within the literal definition of vacating, modifying, or correcting an award." *Id.* at 44, 805 P.2d at 446.

---

[11] HRS § 658–11 provides in relevant part that "[n]otice of a motion to vacate, modify, or correct an award, shall be served, in the manner prescribed for service of notice of a motion in an action, upon the adverse party or the adverse party's attorney within ten days after the award is made and served."

The arbitrator in *Gozum* awarded the insured $23,500.00 from their insurance carrier for injuries resulting from an automobile accident. The carrier issued the insureds a check in the amount of $8,500.00, the difference between the award and an earlier no–fault payment for special damages. The insureds returned the check, claiming that the carrier owed them $23,500.00. The arbitrator offered to hold a special meeting when the carrier asked the arbitrator to clarify the award. However, the insureds refused to participate and instead attempted to have the award confirmed. The circuit court ultimately confirmed the award.

On appeal, we determined that the award could not be sustained because it was ambiguous as to whether the $23,500.00 award was over and above the prior no–fault payment, and therefore was not "mutual, final, and definite." HRS § 658–9(4). "An award should be certain and must leave open no loophole for future dispute and litigation; when it is incomplete, uncertain, and indefinite it cannot be sustained." *Strickland v. Seiple*, 5 Haw. App. at 173, 680 P.2d at 536. Because of the ambiguity in the *Gozum* award, we reversed the order confirming the award, and remanded for clarification by the arbitrator. Under *Gozum*, we find no ambiguity in the original award in the instant case.

Moreover, implicit in our decision in *Gozum* to allow the arbitrator's clarification was the understanding that the total amount the insureds could recover would remain at $23,500.00, which appeared on the face of the award. Clearly, the clarification would not have changed the amount of the award. In the instant case, however, the clarification requested by appellees and Ngo was likely to and did, in fact, substantially change the amounts the parties could receive from the Board and/or the Association. Thus, the amended award cannot be sustained.

Consistent with the policy of limiting judicial review of arbitration awards in order to encourage arbitration and discourage litigation, we have held that parties who arbitrate a dispute assume

"all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact." *Mars Constructors*, 51 Haw. at 335–36, 460 P.2d at 319; *accord Gadd v. Kelley*, 66 Haw. 431, 667 P.2d 251 (1983); *Salud v. Financial Sec. Ins. Co.*, 7 Haw. App. 329, 763 P.2d 9, *cert. denied*, 70 Haw. 664, 796 P.2d 501 (1988).

An arbitration "award, if made in good faith, is conclusive upon the parties, and . . . neither of them can be permitted to prove that the arbitrators decided wrong either as to the law or the facts of the case." *Thomas v. Trustees of Lunalilo Estate*, 5 Haw. 39, 40 (1883) (citations omitted). We note that appellees contend that "the issue of attorney's fees had not been adequately briefed" prior to the original award. Appellees state in their answering brief that "[a]lthough 81 pages of closing memoranda [not included as part of the record on appeal] were filed with the arbitrator on December 18, 1989, only 2 pages were devoted to the issue of attorneys' fees." However, Ikeda had evidence regarding the parties' attorneys' fees and costs before him at the time he made the original award. Appellees' counsel stated in her January 31, 1990 letter to the AAA requesting clarification that "[t]he record herein shows" that Ngo incurred attorneys' fees and costs in the amount of $32,648.80, and that appellees each incurred attorneys' fees and costs in the amount of $29,325.27. But, even if Ikeda failed to fully consider the parties' fees and costs, and made a "mistake" in his finding of fact or application of law, such a mistake is not one of the grounds for vacating, modifying, or correcting an award provided in HRS §§ 658–9 and 658–10.

III.

Based on the foregoing, we remand this case to the circuit court with instructions to vacate the amended award and to confirm the original award.

*Corlis J. Chang* (of Goodsill, Anderson, Quinn & Stifel) for claimants–appellants.

*M. Anne Anderson* (*Joyce Y. Neeley* with her on the brief, of Neeley & Anderson) for respondents–appellees Parker D. Jeffers and Catherine K. Ngo.