**EXCELSIOR LODGE NUMBER ONE, INDEPENDENT ORDER OF ODD FELLOWS**, a Hawai'i eleemosynary corporation, Applicant–Appellee, v. **EYECOR, LTD.**, a Hawai'i corporation, Respondent–Appellant, and **ATKINSON TOWER, INC.**, a Hawai'i corporation, Respondent

NO. 15435

and

**EXCELSIOR LODGE NUMBER ONE, INDEPENDENT ORDER OF ODD FELLOWS**, a Hawai'i eleemosynary corporation, Applicant–Appellee, v. **EYECOR, LTD.**, a Hawai'i corporation, and **ATKINSON TOWER, INC.**, a Hawai'i corporation, Respondents–Appellants

NO. 15658

(S.P. NO. 90–0066)

APRIL 28, 1992

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE
HEELY, ASSIGNED BY REASON OF VACANCY

## OPINION OF THE COURT BY BURNS, C.J.

Appeal Nos. 15435 and 15658 both arise from First Circuit Court Special Proceeding No. 90–0066. This opinion decides both appeals.

Pursuant to a lease that commenced on January 1, 1957, an arbitration panel on April 26, 1991 decided the amount of the lease rent payable for the ten–year period beginning January 1, 1987. Upon the application of the lessor, Applicant Excelsior Lodge Number One, Independent Order of Odd Fellows (Lessor–Excelsior), a Hawai'i eleemosynary corporation, the circuit court

confirmed the arbitration panel's award. In Nos. 15435 and 15658 the lessee, Respondent Eyecor, Ltd. (Lessee–Eyecor), a Hawaiʻi corporation, appeals the circuit court's June 10, 1991 Order Granting Applicant's Motion for Confirmation of Arbitration Award Filed on April 26, 1991 (June 10, 1991 Order Confirming Arbitration Award). In No. 15658, Lessee–Eyecor and the sublessee, Respondent Atkinson Towers, Inc. (Sublessee–Atkinson), a cooperative housing corporation as defined in Hawaiʻi Revised Statutes (HRS) § 519–3 (1985 and Supp. 1991), appeal the circuit court's October 1, 1991 order denying Lessee–Eyecor's May 6, 1991 motion for reconsideration of the circuit court's April 24, 1991 order deciding that HRS § 519–3 did not impose a ceiling on the amount of the lease rent legally due from Lessee–Eyecor to Lessor–Excelsior.

We dismiss No. 15435 for lack of appellate jurisdiction. In No. 15658, we vacate the June 10, 1991 Order Confirming Arbitration Award and remand for further proceedings consistent with this opinion.

## FACTS

Lessor–Excelsior owns the land at 419A Atkinson Drive, Honolulu, subject to a March 30, 1957 lease (Lease) to Lessee–Eyecor's predecessor in interest and a sublease to Sublessee–Atkinson's predecessor in interest. The term of the Lease is sixty years commencing January 1, 1957. The Lease fixed the rent for the first twenty years through December 31, 1976. The rent for each ten–year period thereafter is by agreement. If the parties are unable to agree, each shall

> choose an appraiser and these two shall choose a third appraiser. All such appraisers shall be recognized and qualified appraisers. . . . The appraisers shall deduct from the value found by them the total amount of buildings erected by the Lessees and also any improvement assessments or charges which shall have been levied against the

demised premises and paid by the Lessees or for which the Lessees are required to reimburse the Lessor under the terms of this lease. The value found by a majority of the appraisers, less said deductions, shall be deemed the "appraised value" for the purposes of their determining the rental [under the lease].

\* \* \*

The Lease also states in relevant part as follows:

\* \* \*

5.  That the Lessees will not, without the consent in writing of the Lessor, assign or mortgage this lease or sublet the whole or any part of said premises; PROVIDED, HOWEVER, that the Lessor will not unreasonably withhold such consent, and will not require the payment of any moneys as consideration for the giving of such consent; PROVIDED, FURTHER, that the Lessees may, without such consent, (a) sublet or rent rooms or apartments in the operation of an apartment house business on the premises; (b) assign this lease by way of mortgage to a recognized lending institution for the purpose of financing the cost of erecting buildings on the premises herein demised or any additions or improvements to such buildings.

\* \* \*

On October 10, 1958 Lessee–Eyecor's predecessor in interest subleased (Sublease) 419A Atkinson Drive to Atkinson Building, Inc. Lessor–Excelsior consented in writing to the Sublease. On October 10, 1960 Atkinson Building, Inc., assigned its sublessee's interest in the Sublease to Sublessee–Atkinson. Lessor–Excelsior consented in writing to the assignment.

The Sublease expires one day prior to the expiration of the Lease. After December 31, 1976 the Sublease rent is the same as the Lease rent. The Sublease provides "that the Sublessor hereby

constitutes and appoints the Sublessee its agent for the purposes of negotiating the rental to be paid during each ten–year period following December 31, 1976 with said Lessor[.]"

HRS § 519–3, which became effective on June 12, 1982, states in relevant part as follows:

 (a) All leases, including subleases executed by a cooperative housing corporation as lessee, and all leases, including subleases acquired by a cooperative housing corporation by assignment, whether executed prior to or after June 12, 1982, which directly or by incorporation provide for reopening of the contract for renegotiation of lease rent terms, shall provide or be construed in conformity with the following:

* * *

 (2) Upon renegotiation, the lease rent payable by a cooperative housing corporation as lessee, sublessee, or assignee shall not exceed the amount derived by multiplying the "owner's basis" by the original percentage rate.

* * *

 (d) For purposes of this section:

 (1) "Cooperative housing corporation" means a corporation:

  (A) Having one and only one class of stock outstanding;

  (B) Each of the stockholders of which is entitled solely by reason of the shareholder's ownership of stock in the corporation, to occupy for dwelling purposes the dwelling unit in a building, owned or leased by the corporation, and situated on land leased by the corporation;

  (C) No stockholder of which is entitled (either conditionally or unconditionally) to

receive any distribution not out of earnings and profits of the corporation except in a complete or partial liquidation of the corporation; and

(D) Eighty per cent or more of the gross income for the taxable year in which the taxes and interest described in 26 U.S.C. section 216(a) are paid or incurred is derived from tenant stockholders.

\* \* \*

(4) "Owner's basis" means the value of the lessor's leased fee interest in the property that would apply if such interest were normally traded on an open market. The fair market value of the owner's basis shall be established to provide the lessor with just compensation for the lessor's interests in the lot and shall take into consideration every interest and equity of the lessee in establishing that market value. The value may be determined by any method which is normally used by qualified appraisers in establishing the fair market value of a lessor's leased fee interest in land.

(5) "Original percentage rate" means the percentage derived by dividing the annual lease rent established for the first fixed rent period under the lease by the fair market value of the land as of the first day of the first fixed rent period.

Listed chronologically, the relevant events occurred as follows:

| February 23, 1990 | Lessor–Excelsior filed S.P. 90–0066 seeking orders compelling: (1) arbitration pursuant to the Lease to determine the Lease rent for the ten year period commencing January 1, 1987; (2) Lessee–Eyecor and Sublessee–Atkinson |

to appoint an appraiser other than Jan Medusky (Medusky) as an arbitrator because Medusky had already appraised the subject property for them and therefore could not serve as an impartial arbitrator as required by law.

March 12, 1990    Sublessee–Atkinson filed a memorandum in response to Lessor–Excelsior's February 23, 1990 application in which it asked the court to decide that (1) Medusky may serve as Sublessee–Atkinson's appointed appraiser; and (2) HRS § 519–3 imposes a ceiling on the amount of the increase in lease rent which may be negotiated or arbitrated.

March 15, 1990    At the circuit court hearing, Lessee–Eyecor and Sublessee–Atkinson argued that HRS § 519–3 precluded the arbitrators from agreeing on Lease rent in excess of HRS § 519–3's ceiling.

April 3, 1990    The circuit court entered the order that Lessor–Excelsior had requested in its February 23, 1990 application. The order, which was prepared by Lessor–Excelsior's attorney, did not state that HRS § 519–3 was inapplicable. It stated that Lessee–Eyecor and Sublessee–Atkinson were "compelled to participate in the arbitration/appraisal process to determine lease rent for the ten year period commencing January 1, 1987, and as required under the recorded Indenture of Lease[.]"

| | |
|---|---|
| April 12, 1990 | The two arbitrators appointed the third. |
| April 4, 1991 | Lessee–Eyecor moved in circuit court for a ruling that HRS § 519–3 precluded the Lease rent from exceeding "the amount derived by multiplying the 'Owner's basis' by the original percentage rate." |
| April 10, 1991 | The arbitrators conducted their site inspection and hearing. |
| April 24, 1991 | Consistent with its April 17, 1991 oral ruling, the circuit court entered an order "by way of clarification and for the limited purposes of the arbitration between [Lessor–Excelsior] and [Sublessee]–Eyecor, that [HRS] § 519–3 is not applicable." |
| April 26, 1991 | The arbitrators awarded an annual rent of $169,200. |
| April 26, 1991 | Lessor–Excelsior moved for confirmation of the April 26, 1991 arbitration award plus ten percent interest as authorized by HRS § 478–2(1). |
| May 6, 1991 | Lessee–Eyecor filed a Hawai'i Rules of Civil Procedure (HRCP) Rule 59 motion for reconsideration of the circuit court's April 24, 1991 order. The certificate of service states that the motion was hand delivered to Lessor–Excelsior on May 6, 1991. |
| May 6, 1991 | Lessee–Eyecor filed a notice of appeal of the circuit court's orders of April 3, 1990 and April 24, 1991. This is appeal No. 15322. |
| June 10, 1991 | The circuit court entered its June 10, 1991 Order Confirming Arbitration Award |

|               | which confirmed the April 26, 1991 arbitration award and awarded interest at ten percent on the unpaid amounts from January 1, 1987. |
|---------------|-------------|
| June 24, 1991 | Lessee–Eyecor filed a notice of appeal of the circuit court's June 10, 1991 order. This is appeal No. 15435. |
| July 23, 1991 | The Hawai'i Supreme Court dismissed No. 15322 for lack of appellate jurisdiction implicitly because (1) it was not a timely appeal of the April 3, 1990 order and (2) Lessee–Eyecor's May 6, 1991 HRCP Rule 59 motion for reconsideration remained undecided. |
| October 1, 1991 | The circuit court entered an order denying Lessee–Eyecor's May 6, 1991 motion for reconsideration. |
| October 15, 1991 | Lessee–Eyecor and Sublessee–Atkinson filed a notice of appeal of the circuit court's orders dated April 3, 1990, April 24, 1991, June 10, 1991, and October 1, 1991. This is appeal No. 15658. |

## DISCUSSION

### I.

The first issue is appellate jurisdiction. The question is whether Lessee–Eyecor's May 6, 1991 motion for reconsideration was served later than required by HRCP Rule 59(e). Although Lessee–Eyecor's certificate of service stated that its May 6, 1991 motion for reconsideration was timely served on May 6, 1991, Lessor–Excelsior filed papers in opposition to the motion contending that it was untimely served on May 7, 1991. The circuit court did not decide this dispute of fact and Lessor–Excelsior did not in

the circuit court or on appeal challenge the circuit court's failure to do so.

If the motion for reconsideration was served on May 6, 1991, we have jurisdiction over No. 15658. If it was served on May 7, 1991, we do not have jurisdiction over No. 15658 but we have jurisdiction over No. 15435. Based on the record before us, we conclude that we have jurisdiction over No. 15658.

## II.

Lessor–Excelsior contends that (1) the circuit court's April 3, 1990 order decided that HRS § 519–3 was inapplicable and (2) we do not have appellate jurisdiction over the April 3, 1990 order because Lessee–Eyecor failed to appeal it within thirty days of its entry. Based on our conclusion that the circuit court's April 3, 1990 order did not decide that HRS § 519–3 was inapplicable, we disagree with Lessor–Excelsior's contention (1). The circuit court's April 24, 1991 order may have been consistent with a prior oral decision of the circuit court, but, in the absence of any prior circuit court order entered (written and filed) on the subject, it did not "clarify" a prior "order" of the circuit court. Our disagreement with (1) moots (2).

## III.

The circuit court's April 3, 1990 order prohibited Lessee–Eyecor and Sublessee–Atkinson from appointing Medusky as an arbitrator. Lessor–Excelsior contends that Lessee–Eyecor had only thirty days from April 3, 1990 in which to appeal the April 3, 1990 order and, because it did not do so, we do not have appellate jurisdiction over the April 3, 1990 order. Based on HRS § 658–15 (1985), we conclude that the April 3, 1990 order was not a final and appealable order. HRS § 658–15 states, "Unless the agreement for award provides that no appeal may be taken an appeal may be taken from an order vacating an award, or from a judgment entered

upon an award, as from an order or judgment in an action, otherwise no appeal may be had."

## IV.

Lessee–Eyecor and Sublessee–Atkinson contend that the circuit court's April 3, 1990 order erroneously barred them from appointing Medusky as an arbitrator and, therefore, that the arbitration panel was improperly constituted and without any power to arbitrate the dispute in this case. We do not reach this issue.

The record shows that after the circuit court entered its order barring Lessee–Eyecor and Sublessee–Atkinson from appointing Medusky as an arbitrator, Lessor–Excelsior appointed an arbitrator, Lessee–Eyecor and Sublessee–Atkinson appointed an arbitrator other than Medusky, the two arbitrators appointed the third arbitrator, and this arbitration panel issued the April 26, 1991 award. Based on these facts and the record, we conclude that (1) there is no evidence that Lessee–Eyecor and Sublessee–Atkinson suffered any prejudice from the order barring them from appointing Medusky; and (2) Lessee–Eyecor and Sublessee–Atkinson waived their right to challenge the April 3, 1990 order barring them from appointing Medusky as an arbitrator. If Lessee–Eyecor and Sublessee–Atkinson wanted to retain the right to challenge the April 3, 1990 order barring them from appointing Medusky as an arbitrator, they had to refrain from appointing a replacement and leave Lessor–Excelsior with no alternative but to ask the circuit court to name a replacement pursuant to HRS § 658–4.

## V.

Lessor–Excelsior argues that the only way Lessee–Eyecor could have challenged the June 10, 1991 Order Confirming Arbitration Award was by filing an HRS § 658–9 motion to vacate the award and/or an HRS § 658–10 motion to modify or correct the award and serving them as required by HRS § 658–11 within ten days after the June 10, 1991 Order Confirming Arbitration Award

was served. We disagree. A party who disagrees with an arbitration award on the ground that the arbitrators have exceeded their powers has two opportunities to challenge it. First, the party may file an HRS § 658–9 application to vacate the award and serve it as required by HRS § 658–11. Second, the party may wait until the other party applies pursuant to HRS § 658–8 to confirm the award and then challenge the confirmation motion pursuant to HRS § 658–9. *Gozum v. American Int'l Adjustment Co.*, 72 Haw. 41, 45–46, 805 P.2d 445, 447 (1991).

## VI.

Relying on *Westin Hotel Co. v. Universal Inv., Inc.*, 72 Haw. 178, 811 P.2d 467, *reconsideration denied*, 72 Haw. 617, 841 P.2d 1074 (1991), and *Mars Constructors, Inc. v. Tropical Enters., Ltd.*, 51 Haw. 332, 460 P.2d 317 (1969), Lessor–Excelsior contends that the question of the applicability of HRS § 519–3 was submitted to the arbitration panel and that we are powerless to review the panel's decision in that respect. We disagree that the question of the applicability of HRS § 519–3 was submitted to the arbitration panel. Before the arbitration panel made its award, the circuit court ruled that HRS § 519–3 was inapplicable.

Moreover, if HRS § 519–3 is applicable and the award of the arbitration panel violates it, then the award of the arbitration panel is subject to a timely challenge under HRS § 658–9(4) on the ground that it exceeded its powers.

## VII.

According to the Sublease, (1) Sublessee–Atkinson is Lessee–Eyecor's agent for negotiating the Lease rent payable to Lessee–Eyecor to Lessor–Excelsior and (2) the amount of the Sublease rent legally due from Sublessee–Atkinson to Lessee–Eyecor after December 31, 1976 is the same as the amount of the Lease rent legally due from Lessee–Eyecor to Lessor–Excelsior plus the general excise taxes legally due from Lessee–Eyecor to the State of

Hawai'i assessed on the Sublease rent. HRS § 519–3 imposes a ceiling on the amount of the Sublease rent legally due from Sublessee–Atkinson to Lessee–Eyecor. The question is whether HRS § 519–3 imposes an identical ceiling on the amount of the Lease rent legally due from Lessee–Eyecor to Lessor–Excelsior. If it does not, Lessee–Eyecor may be legally obligated to pay Lessor–Excelsior more Lease rent than the Sublease rent it is legally entitled to collect from Sublessee–Atkinson.

In our view, HRS § 519–3 is not ambiguous. Ambiguous or not, however, the result is the same. HRS § 519–3 covers "[a]ll leases, including subleases" where a cooperative housing corporation is the lessee or sublessee of the land and its stockholders occupy for dwelling purposes the building(s) on the land. It imposes a ceiling on the amount of the rent legally due all along the entire strata or chain from the sublessee cooperative housing corporation to the lessor. It imposes a ceiling on the amount of the sublease rent legally due from the sublessee–cooperative housing corporation to the lessee–sublessor and it imposes the same ceiling on the lease rent legally due from the lessee–sublessor to the lessor. Therefore, we conclude that HRS § 519–3 imposes the same ceiling on the amount of the Lease rent legally due from Lessee–Eyecor to Lessor–Excelsior as it imposes on the amount of the Sublease rent legally due from Sublessee–Atkinson to Lessee–Eyecor.

Upon remand, proof that the arbitrators' April 26, 1991 award exceeded the Lease rent ceiling imposed by HRS § 519–3 will entitle Lessee–Eyecor to an order vacating the April 26, 1991 award under HRS § 658–9(4) because the arbitrators exceeded their powers.

## VIII.

Lessor–Excelsior contends that this appeal is frivolous. We disagree.

## CONCLUSION

Accordingly, we dismiss No. 15435 for lack of appellate jurisdiction. In No. 15658, we vacate the circuit court's June 10, 1991 Order Granting Applicant's Motion for Confirmation of Arbitration Award Filed on April 26, 1991 and remand for further proceedings consistent with this opinion.

*G. Stephen Elisha, Philip L. Lahne, Richard S. Ekimoto* (Dinman, Nakamura, Elisha & Nakatani, of counsel) on the briefs for respondent–appellant Eyecor, Ltd., and respondent Atkinson Tower, Inc.

*Rosemary T. Fazio, Keith M. Yonamine* (Ashford & Wriston) on the brief for applicant–appellee.