VICTORIA HUBBELL and GEORGE K. HUBBELL, Plaintiffs-Appellants, *v.* JASON ISEKE and KANANI ISEKE, Defendants-Appellees

NO. 11079

(CIVIL NO. 80101)

NOVEMBER 3, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY HEEN, J.

Plaintiffs-Appellants Victoria Hubbell (Victoria) and her husband George K. Hubbell (George) (hereinafter collectively referred to as Plaintiffs) appeal the judgment entered against them upon a special jury verdict, and the trial court's denial of their motion for a new trial. We affirm.

I.

On January 29, 1983, Victoria and her son-in-law were travelling by car to a family reunion at the home of Whitney Iseke in Hauula, Oahu. Because neither Victoria nor her son-in-law knew where Whitney Iseke lived, they went first to Defendant-Appellee, Jason Iseke's (Jason) house for directions. Jason also lived in Hauula on nine (9) acres of land, and raised some livestock on his property.

In order to get to Jason's house, Victoria and her son-in-law had to proceed about 350 feet up a driveway. Although Victoria and her son-in-law apparently did not, while approaching the house, see any signs warning of dogs on the premises,[1] the evidence is unrebutted that along the driveway were posted three such warning signs. Two of those signs read "Private Property No Trespassing Beware of Dogs;" and the other read "Beware of Dogs."

When Victoria and her son-in-law neared the house, she alit from the car and was attacked and bitten by three "watchdogs" that Jason kept to protect his property and livestock.

On November 1, 1983, Plaintiffs filed suit against Jason and his wife, Kanani (hereinafter Jason and Kanani will be collectively called Defen-

---

[1] Victoria's son-in-law testified that he saw one of the signs as he was leaving the premises.

dants), alleging negligence and seeking damages for Victoria's personal injuries and severe mental and emotional distress, and George's loss of consortium. Jury trial was held from September 23 to September 26, 1985.

The trial judge, over the objections of both parties, submitted a special verdict form to the jurors, which read as follows:

*Question No. 1.* Were the Defendants Jason Iseke and Kanani Iseke negligent? Answer "Yes" or "No" in the space provided below.

Yes: _____     No: _____

If you have answered Question No. 1 "Yes," then go on to answer Question No. 2. If you have answered Question No. 1 "No," do not answer any further questions, but sign and date this document and call the Bailiff.

*Question No. 2.* If you found that the Defendants were negligent, was the negligence of the Defendants a legal cause of injury to the Plaintiffs? Answer "Yes" or "No" in the space provided below.

Yes: _____     No: _____

If you answered "Yes" to Question No. 2, then go on to answer Question No. 3. If you have answered "No" to Question No. 2, do not answer any further questions, but please sign and date this document and call the Bailiff.

*Question No. 3.* Was the Plaintiff Victoria Hubbell contributorily negligent?

Yes: _____     No: _____

If you answered "Yes" to Question No. 3, then go on to answer Question No. 4. If you have answered "No" to Question No. 3, then do not answer Question No. 4, but go on to answer Question No. 5.

*Question No. 4.* Was the contributory negligence of Plaintiff Victoria Hubbell, if any, a legal cause of her injury?

Yes: _____     No: _____

Now go on to Question No. 5.

*Question No. 5.* Without taking into consideration the question of reduction of damages due to the contributory negligence of the Plaintiff, if any, what are Plaintiffs' total damages?

As to Plaintiff Victoria Hubbell:

Special Damages          $_____

General Damages          $_____

Punitive Damages         $_____

As to Plaintiff George K. Hubbell:
Special Damages                $_____
General Damages                $_____
(including loss of consortium)
Punitive Damages               $_____

Note: You are to answer Question No. 6 only if you answered Questions Nos. 3 and 4 "Yes." If you answered either Questions Nos. 3 and 4 "No," do not answer Question No. 6, but please sign and date this document and call the Bailiff.

*Question No. 6.* Assuming the combined negligence of the Defendants and the contributory negligence of the Plaintiff Victoria Hubbell, if any, to be 100%, what proportion of such combined negligence is attributable to the following (1) to the Plaintiff Victoria Hubbell, and (2) to the Defendants?

Plaintiff Victoria Hubbell        _____%
Defendants                        _____%
Total: (Note: the total must    ____100____%
        equal 100%

The jury answered "No" to Question No. 1, and the verdict was entered by the trial court. On October 9, 1985, judgment on the verdict was entered in favor of Defendants. On October 21, 1985, Plaintiffs moved for a new trial, and on November 14, 1985, the motion was denied.

On December 13, 1985, Plaintiffs filed their notice of appeal from the judgment and the denial of their new trial motion.

II.

This dispositive issue is the interpretation of Hawaii Revised Statutes (HRS) § 663-9 (Supp. 1984), which reads as follows:

§ 663-9   Liability of animal owners.   (a) The owner or harborer of an animal, if the animal proximately causes either personal or property damage to any person, shall be liable in damages to the person injured regardless of the animal owner's or harborer's lack of scienter of the vicious or dangerous propensities of the animal.

(b) The owner or harborer of an animal which is known by its species or nature to be dangerous, wild, or vicious, if the animal proximately causes either personal or property damage to any person, shall be absolutely liable for such damage.

Arguing that in the enactment of the above statutes "the common law cause of action for negligence was repealed by the legislature," Plaintiffs contend that HRS § 663-9 imposes strict liability on dog owners for the injuries proximately caused by their dogs. Therefore, they assert the trial court's verdict form was erroneous, because it based Defendants' liability on a finding of negligence. Plaintiffs' points of error are predicated on their construction of the statutes. Their construction is erroneous and the appeal is without merit.

### III.

In construing a statute, the court's objective "is to ascertain and give effect to the intention of the legislature . . . [which] is to be obtained primarily from the language contained in the statute itself." *In re Hawaiian Telephone Co.,* 61 Haw. 572, 577, 608 P.2d 383, 387 (1980) (citations omitted). "Thus, 'where the language of the law in question is plain and unambiguous, . . . our duty is only to give effect to the law according to its plain and obvious meaning.' However, where the statutory language 'is ambiguous or of doubtful meaning, . . . judicial construction and interpretation are warranted.' And courts may resort to legislative history in construing a statute." *Rana v. Bishop Insurance of Hawaii, Inc.,* 6 Haw. App. 1, ___, 713 P.2d 1363, 1367 (1985), *affirmed,* 68 Haw. ___, 713 P.2d 1363 (1985) (citations omitted). And even where the statutory language may appear clear upon superficial examination, there is no rule of law which forbids the use of available aids to the construction of that language. *Black Construction Corp. v. Agsalud,* 64 Haw. 274, 639 P.2d 1088 (1982).

### IV.

HRS § 663-9(a) merely eliminates the necessity to prove "scienter" as an element of an animal owner's negligence. It is not necessary to prove an animal owner's knowledge of his animal's "vicious or dangerous propensities." Strict liability is imposed by subsection (b) only on the owner of an animal which is "known by its species or nature to be dangerous, wild or vicious." HRS § 663-9 does not clearly and unambiguously preclude strict liability on the part of a dog owner for injuries inflicted by his dog. However, the legislative history of HRS § 663-9 indicates that strict liability is not imposed on dog owners, because dogs

are not dangerous, wild or vicious by species or nature.

HRS § 663-9 was enacted in 1980. Act 218, 1980 Haw. Sess. Laws 366-67. The purpose of the act is stated as follows:

> The legislature finds that recent court decisions allow a dog his "first bite" before an owner can be held liable for injuries caused by the dog, while at the same time holding an owner liable for injuries caused to a trespasser attacked by a dog, even if such injuries occur on the private property of the dog owner. The legislature finds both holdings unacceptable. In the first case, innocent public utility employees, visitors, and others legally on a property often go without a remedy. In the second case, numerous state residents who keep dogs or other animals for protection against the rising crime rate (which the legislature herein specifically finds to exist) are hampered in using an effective means of crime prevention.

*Id.* § 1, at 367.

The court decisions referred to are *Pickard v. City and County,* 51 Haw. 134, 452 P.2d 445 (1969), and *Farrior v. Payton,* 57 Haw. 620, 562 P.2d 779 (1977). In *Pickard* the supreme court abrogated the common law rule that the liability of an occupier of land to one who comes upon that land is dependent upon the legal status of the person entering. The supreme court held, "an occupier of land has a duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises, regardless of the legal status of the individual." *Pickard v. City and County,* 51 Haw. at 135, 452 P.2d at 446. In *Farrior* the supreme court held that proof of scienter was essential to imposition of liability on an animal's owner for injuries caused by the animal.

Conference Committee Report No. 36-80, in 1980 Senate Journal at 958, states that the legislation "abrogates the common law. It does not create strict liability. It merely eliminates scienter as a matter of proof for a plaintiff or lack of scienter as a defense for a defendant." Thus, under the statute, persons suffering injury caused by an animal must still prove negligence on the part of the animal's owner in order to make the owner liable for the injury. The injured person must prove duty, breach of duty, and damages; however, the injured person need not prove the owner's knowledge of the animal's vicious propensities. This knowledge, scienter, is often referred to as the doctrine of the dog's "first bite."

HRS § 663-9(b) does impose strict liability on owners of animals known by their "species or nature to be dangerous, wild or vicious." However, "[d]ogs are not included in this category since dogs are not

generally of a known vicious nature." Conf. Comm. Rep. No. 36-80, *supra.*

The legislative history of HRS § 663-9 renders Plaintiffs' argument that dog owners are strictly liable for injuries caused by their dogs untenable.

We turn now to the points of error raised by Plaintiffs.

## V.

### A.

The special verdict form correctly directed the jury to consider the question of Defendants' negligence. Once the jury found Defendants were not negligent, it was unnecessary for them to deliberate any further.

### B.

Plaintiffs' proposed instruction no. 2, which was refused by the court, was based upon Plaintiffs' strict liability theory and, therefore, was properly denied.[2]

### C.

Finally, Plaintiffs' argument in support of their contention that the trial court erred in denying their motion for new trial is without merit.[3] Since the basis for liability in this case was Defendants' negligence, the

---

[2]Plaintiffs also urge as error the trial court's refusal to give Plaintiffs' proposed instruction no. 9. However, the specific language of the instruction is not set out in the opening brief in violation of Rule 28(b)(4)(B), Hawaii Rules of Appellate Procedure (1985). Pursuant to Rule 28 we disregard the point. Moreover, according to the brief the instruction related to punitive damages. In view of the jury's decision that Defendants were not negligent, the issue is irrelevant.

[3]Plaintiffs also assert as error that the trial court erred in refusing to set aside the jury verdict. However, the record does not reveal, and Plaintiffs' briefs do not indicate, that Plaintiffs moved separately to set aside the verdict. We assume that this argument relates to the motion for new trial issue.

question is whether the evidence was sufficient to support the jury's verdict.

> Generally, the granting or denying of a motion for a new trial is within the trial court's discretion. On appeal, unless the appellant shows an error of law or a clear abuse of discretion by the trial court, its ruling will not be disturbed. . . . On appeal, the appellate court will review the record below and if there is substantial evidence, more than a scintilla, to support the verdict returned by the jury, the reviewing court will not upset the denial of a motion for new trial.

*Lovell Enterprises v. Campbell-Burns Wood, Inc.,* 3 Haw. App. 531, 541, 654 P.2d 1361, 1368 (1982) (citations omitted). *See also Stahl v. Balsara,* 60 Haw. 144, 587 P.2d 1210 (1978); *Petersen v. City & County,* 53 Haw. 440, 496 P.2d 4 (1972).

Our examination of the record indicates that the evidence was sufficient to support the jury's verdict. Defendants' dogs generally remained in the vicinity of the house, which was 350 feet from the highway, and there were three signs warning Plaintiffs that there was possible danger from dogs on the premises. Thus, we find no abuse of discretion or error of law in the trial court's denial of Plaintiffs' motion for new trial.

Affirmed.

*Fred Paul Benco* and *Martin A. Steinberg* on the briefs for plaintiffs-appellants.

*Wayson W.S. Wong (Lee, Henderson, Chipchase & Wong,* of counsel) on the brief for defendants-appellees.