120 P.3d 257 (2005)
108 Hawai`i 358
Mathew S. MIKELSON, Plaintiff-Appellee
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellant and
John Does 1-25; Jane Does 1-25; Doe Corporations 1-25; Doe Partnerships 1-25; and Doe Governmental Entities 1-25, Defendants.
No. 25217.
Supreme Court of Hawai`i.
September 26, 2005.
*258 Alan Van Etten, Honolulu, and Tred R. Eyerly (Damon Key Leong Kupchak Hastert) on the request, for plaintiff-appellee.
Terrence M. Revere, Jacqueline E. Thurston, Honolulu, and Jason P. Healey (Motooka Yamamoto & Revere), in opposition, for defendant-appellant.
MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, JJ., and Circuit Judge WONG, assigned by reason of vacancy.
Opinion of the Court by ACOBA, J.
Plaintiff-Appellee Matthew S. Mikelson (Mikelson) filed a request for attorneys' fees and costs pursuant to Hawai`i Revised Statutes (HRS) § 431:10-242 (1993). Defendant-Appellant United Services Automobile Association (USAA) filed a memorandum in opposition. On the grounds set forth herein, Mikelson's request for fees is denied and his request for costs is granted.

I.
On June 9, 2005, Mikelson filed his request. Mikelson asserts he is "entitled to reasonable attorney's fees and costs" pursuant to HRS § 431:10-242, see infra Part II, and Hawai`i Rules of Appellate Procedure (HRAP) Rule 39 because "this Court affirmed the trial court's judgment in [his] favor ..., ordering USAA to confer benefits promised by the policy." Mikelson maintains (1) that "attorney's fees and costs are mandatory when the insurer erroneously denies coverage and is ordered to confer benefits" and (2) that he is "entitled to a lodestar fee." On June 15, 2005, Mikelson filed an errata request for fees and costs and an errata memorandum in support of the request for attorney's fees and costs under HRS § 431:10-242 and HRAP Rule 39. On July 22, 2005, Mikelson filed a Supplement to the request for fees and costs.
On June 22, 2005, USAA filed a memorandum in opposition to Mikelson's request for fees and costs. USAA contends that HRS § 431:10-242 is inapplicable because the trial court "never ordered that [USAA] was ordered `to pay' [underinsured motorist (UIM)] benefits" and "[Mikelson's] counsel admitted that USAA was not being ordered to pay benefits."
USAA's memorandum in opposition was not timely filed under HRAP Rule 39(d)(3) (2005) which states that
[o]bjections to requests for fees and costs must be filed with the appellate clerk, with proof of service, within 10 days after service on the party against whom the fees and costs are to be taxed unless the time is extended by the appellate court.
USAA was served with Mikelson's request for attorney's fees and costs on June 9 but did not file its objection until June 22, more than ten days after the date of service. Although USAA's objection was not timely *259 filed, attorneys' fees cannot be awarded to Mikelson because USAA was not ordered to pay benefits under the insurance policy within the meaning of HRS § 431:10-242.

II.
With respect to an award of attorneys' fees, "in the absence of contract or statute a litigant has no inherent right to have his attorney's fees paid by his opponent." Larsen v. Pacesetter Sys., Inc., 74 Haw. 1, 51, 837 P.2d 1273, 1297 (1992). Mikelson asserts that he is entitled to an award of attorneys' fees pursuant to HRS § 431:10-242 which provides in pertinent part:
Where an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder, the beneficiary under a policy, or the person who has acquired rights of the policyholder or beneficiary under the policy shall be awarded reasonable attorney's fees and the costs of suit, in addition to the benefits under the policy.
(Emphasis added.)
USAA argues that HRS § 431:10-242 is inapplicable as the circuit court of the first circuit (the court)[1] has not ordered it to "pay benefits." It directs attention to the fact that the court ordered that Mikelson "is entitled to UIM coverage under the Policy for injuries and damages resulting from the January 17, 1999 accident, including but not limited to whatever UIM payments are determined to be due at arbitration pursuant to the Policy." (Emphases added.) USAA thus argues that the court has not ordered payment of such benefits as the amount is yet to be determined through arbitration.

III.
The fundamental question with respect to the issue of awarding attorney's fees is whether USAA has in fact been ordered to pay benefits within the meaning of HRS § 431:10-242. USAA urges a literal interpretation of the phrase "ordered to pay benefits." In contrast, Mikelson argues that HRS § 431:10-242 is a remedial statute and should therefore be construed liberally such that the court's order entitling Mikelson to UIM coverage under the policy be equated with an order to pay benefits.
"[T]he starting point for interpreting a statute is the language of the statute itself." State v. Moniz, 69 Haw. 370, 374, 742 P.2d 373, 376 (1987) (citations omitted). Furthermore, "where the language of the law in question is plain and unambiguous" courts must "give effect to the law according to its plain and obvious meaning." Hubbell v. Iseke, 6 Haw.App. 485, 489, 727 P.2d 1131, 1134 (1986) (citations omitted). Since HRS § 431:10-242 does not define the phrase "pay benefits" the plain and obvious meaning of that phrase must be considered. In Ranger Ins. Co. v. Hinshaw, this court held that the insured was not entitled to attorney's fees under HRS § 431:10-242 when the insurance company contested its liability under a policy because "it was not ordered by the court to pay any benefits thereunder." 103 Hawai`i 26, 34, 79 P.3d 119, 127 (2003).
Ranger emphasized the language in HRS § 431:10-242 as follows: "[W]here an insurer has contested its liability under a policy and is ordered by the courts to pay benefits under the policy, the policyholder ... shall be awarded reasonable attorney's fees and costs of the suit." Id. (emphasis in original). This court then concluded that HRS § 431:10-242 was "inapplicable" where the insurer "contested its liability under the policy" but "was not ordered by the court to pay any benefits thereunder." Id.
Similarly, in the instant case, USAA has not been ordered to pay benefits to Mikelson. The trial court instead ordered that Mikelson "is entitled to UIM coverage." It appears that sufficient attention was devoted to the specific wording of this order as transcripts of proceedings held on July 13, 2001 show that Mikelson's counsel, in response to USAA's objection regarding Mikelson's Proposed Findings of Fact and Conclusions of Law filed on May 15, 2001, agreed to have the court's order read that Mikelson "is entitled to UIM coverage" rather than "UIM *260 benefits."[2] Thus, Mikelson's counsel, in a letter to the court dated July 16, 2001, stated that the order should be changed to read that Mikelson "is entitled to UIM coverage" rather than "UIM benefits."
The final order of the court entered on July 16, 2001 did indeed reflect this change, as it acknowledged Mikelson's entitlement to coverage but made no mention of Mikelson being entitled to the payment of benefits. The fact that the court and the participants in this case appear to have given due consideration to the language in the order that entitles Mikelson to coverage rather than benefits, suggests an intent by the court to refrain from ordering that benefits be paid to Mikelson, as such payment issue will be decided via arbitration. Under the circumstances, Mikelson's request for attorney's fees is denied.

IV.
Mikelson also requested compensation of $61.60 for copying costs incurred in this appeal. USAA did not object to Mikelson's request for costs. HRAP Rule 39(a) (2003) states that "if a judgment is affirmed or a petition denied, costs shall be taxed against the appellant or petitioner unless otherwise ordered." Given this court's affirmation of the court's judgment, Mikelson should be awarded his request for costs pursuant to HRAP Rule 39.
HRAP Rule 39(c)(4) defines costs in the appellate court as including "the cost of printing or otherwise producing necessary copies of briefs and appendices, provided that copying costs shall not exceed 20¢ per page." With respect to the number of copies required for submission, the HRAP states that two copies of the answering brief must be submitted to the appellate clerk at the time of filing,[3] two copies must be served on each party to the appeal (in this case there is one party for a total of two parties),[4] and an additional number of copies (usually three or four) may be directed by the appellate clerk,[5] for a total of approximately eight copies. The sum of $61.60 in costs for seven copies requested by Mikelson should thus be awarded in full as this sum represents costs authorized under HRAP Rule 39(c)(4) associated with printing the requisite number of answering briefs as directed under HRAP Rules 32.1 and 28.

V.
For the foregoing reasons, Mikelson's request for attorney's fees is denied but his request for costs in the amount of $61.60 from USAA is granted.
NOTES
[1] The Honorable R. Mark Browning presided.
[2] Plaintiff's attorney stated:

In our findings of fact, conclusions of law, Your Honor, the only objection that we believe is well taken in [USAA's] writing was that ... the order does state at the very end [Mathew Mikelson] is entitled to UIM benefits under the policy ... I'm quite willing to say that [Mathew Mikelson] is entitled-to have the order say [Mathew Mikelson] is entitled to UIM coverage under the policy, including but not limited to whatever benefits, if any, are awarded at arbitration pursuant to the policy.
[3] HRAP Rule 32.1(a) provides in relevant part that with respect to opening, answering, and reply briefs, "[t]wo copies are required when filing."
[4] HRAP Rule 28(a) provides in relevant part that "[a]ll briefs shall conform with Rule 32 and be accompanied by proof of service of two copies on each party to the appeal."
[5] HRAP Rule 32.1(c) provides in relevant part that "[i]n all cases, the appellate clerk may direct that a specific number of additional copies be furnished on or before a specified date."