LAW LIBRARY

**FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

K. HAMAKADO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 MAR 24 AM 8:42

FILED

MATHEW S. MIKELSON, Plaintiff-Appellee,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION,
Defendant-Appellant

NO. 28332

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 99-1856)

MARCH 24, 2010

NAKAMURA, C.J., FOLEY and FUJISE, JJ.

OPINION OF THE COURT BY FOLEY, J.

Defendant-Appellant United Services Automobile Association (USAA) appeals from the "Order Granting Plaintiff Mathew S. Mikelson's Motion for Order Confirming Arbitration Award" (Order) filed on December 7, 2006 in the Circuit Court of the First Circuit (circuit court).[1]

On appeal, USAA contends the circuit court lacked jurisdiction to decide the Motion for Order Confirming Arbitration Award (Motion to Confirm) filed on October 17, 2006 by Plaintiff-Appellee Mathew S. Mikelson (Mikelson) because the motion was moot. Mikelson contends this court lacks appellate jurisdiction to hear this appeal. We disagree with both USAA and Mikelson and affirm.

---

[1] The Honorable Bert I. Ayabe presided.

I.

This case arises out of a January 17, 1999 accident in which Mikelson, while riding his motorcycle, was struck by an automobile. Mikelson was a named insured with his father under a USAA automobile policy. Mikelson suffered bodily injury and sued USAA under the underinsured motorist benefits of the policy. The extensive background facts of the case are set forth in Mikelson v. United Services Automobile Ass'n, 107 Hawai‘i 192, 111 P.3d 601 (2005) (Mikelson I), and Mikelson v. United Services Automobile Ass'n, 108 Hawai‘i 358, 120 P.3d 257 (2005) (Mikelson II). In Mikelson I, the Hawai‘i Supreme Court held that Mikelson was a covered person under an insurance policy issued by USAA. 107 Hawai‘i at 201-206, 111 P.3d at 610-615. In Mikelson II, the Hawai‘i Supreme Court denied Mikelson's request for attorney's fees for the appeal because the issue of whether Mikelson was entitled to benefits under the insurance policy had yet to be determined by arbitration. 108 Hawai‘i at 361, 120 P.3d at 260.

On October 4, 2006, the Arbitrator's Final Award (Arbitration Award) was issued. The Arbitration Award, inter alia, awarded Mikelson $110,236.33 after application of a covered loss deductible. On October 17, 2006, Mikelson filed the Motion to Confirm, asking the circuit court, pursuant to Hawaii Revised Statutes (HRS) § 658A-22 (Supp. 2009), to confirm the Arbitration Award. Although Mikelson did not state in his Motion to Confirm whether the Arbitration Award had been satisfied, three days later he filed a "Motion for Order that [USAA] 'Pay Benefits' to [Mikelson]," to which he attached a copy of a check from USAA dated October 6, 2006 for the full amount of the award.

On October 31, 2006, USAA filed an opposition memorandum to Mikelson's Motion to Confirm. Citing to Wong v. Board of Regents, University of Hawaii, 62 Haw. 391, 616 P.2d 201 (1980), and Lathrop v. Sakatani, 111 Hawai‘i 307, 141 P.3d 480 (2006), USAA argued that the circuit court lacked jurisdiction to hear the motion because the court does not have jurisdiction to

2

hear moot issues, an issue is moot when there is no controversy, and no controversy existed in this case because the award was satisfied prior to confirmation of the award. USAA did not oppose the Motion to Confirm based on any grounds stated in HRS §§ 658A-20 (Supp. 2009), 658A-23 (Supp. 2009), or 658A-24 (Supp. 2009).

The circuit court granted the Motion to Confirm on December 7, 2006, and USAA timely appealed.

## II.

> It is well established that [the Hawai'i Supreme Court] has "confined judicial review of arbitration awards to the strictest possible limits." *Mars Constructors, Inc. v. Tropical Enters.*, 51 Haw. 332, 335, 460 P.2d 317, 319 (1969). This is because "of the legislative policy encouraging arbitration and thereby discouraging litigation." *Gadd v. Kelley*, 66 Haw. 431, 441, 667 P.2d 251, 258 (1983) (citing *Mars Constructors*, 51 Haw. at 336, 460 P.2d at 319). *See also Mathewson v. Aloha Airlines, Inc.*, 82 Hawai'i 57, 69, 919 P.2d 969, 981 (1996). Thus, "review of arbitration awards by the circuit and appellate courts is limited by the provisions of the arbitration statute." *Mars Constructors*, 51 Haw. at [336], 460 P.2d at 319. *See Kalawaia v. AIG Hawai'i Ins. Co.*, 90 Hawai'i 167, 173, 977 P.2d 175, 181 (1999); [*Bd. of Directors of AOAO of Tropicana Manor v. Jeffers*, 73 Haw. 201, 205-07, 830 P.2d 503, 506-07 (1992)].

> *Gepaya v. State Farm Mut. Auto. Ins. Co.*, 94 Hawai'i 362, 365, 14 P.3d 1043, 1046 (2000) (internal brackets and ellipsis omitted). Further, "we review the circuit court's ruling on an arbitration award *de novo*, but we also are mindful that the circuit court's review of arbitral awards must be extremely narrow and exceedingly deferential." <u>Tatibouet v. Ellsworth</u>, 99 Hawai'i 226, 233, 54 P.3d 397, 404 (2002) (internal brackets, quotation marks, and citations omitted).

<u>United Pub. Workers, AFSCME, Local 646, AFL-CIO, v. Dawson Int'l, Inc.</u>, 113 Hawai'i 127, 137-38, 149 P.3d 495, 505-06 (2006) (brackets in original omitted).

## III.

### A. THIS COURT HAS APPELLATE JURISDICTION OVER THIS APPEAL.

Mikelson's claim that this court lacks appellate jurisdiction to hear this case is without merit. An appeal may

be taken from an "order confirming or denying confirmation of an award." HRS § 658A-28(a)(1) (Supp. 2009). USAA appeals from the Order, and, therefore, this court has jurisdiction to hear this appeal.

### B. THE CIRCUIT COURT DID NOT ERR BY CONFIRMING THE ARBITRATION AWARD.

USAA contends the circuit court lacked jurisdiction over Mikelson's Motion to Confirm because the issue was moot. USAA states that "[t]here was no reason to confirm an award that had already been paid." USAA argues that a controversy or dispute must exist in order to confirm an arbitration award and since there was no controversy, the circuit court lacked jurisdiction because courts do not decide moot cases.

"It is well-established that courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so." Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawai'i 178, 187, 111 P.3d 587, 596 (2005) (internal quotation marks, citation, and brackets omitted).

Confirmation of an arbitration award is an "expeditious procedure for reducing or converting the arbitration award to a judgment which can be enforced by judicial writ." Krystoff v. Kalama Land Co., 88 Hawai'i 209, 214, 965 P.2d 142, 147 (App. 1998) (quoting State of Md. Cent. Collection Unit v. Gettes, 584 A.2d 689, 696 (Md. 1991)).[2]

"HRS chapter 658A is based on the Uniform Arbitration Act (2000) (RUAA), which was approved by the National Conference of Commissioners on Uniform State Laws (NCCUSL) in 2000[.]" United Pub. Workers, AFSCME, Local 646, AFL-CIO v. City & County

---

[2] The statutory provision at issue in Krystoff was HRS § 658-8 (1993) (confirming an arbitration award). Krystoff, 88 Hawai'i at 210, 965 P.2d at 143. In 2001, HRS § 658-8 was repealed, 2001 Haw. Sess. Laws Act 265, § 5 at 820, and replaced by HRS § 658A-22 (confirmation of arbitration award), 2001 Haw. Sess. Laws Act 265, § 1 at 817. Both statutes state that after a party receives notice of an arbitration award, the party may move a court for an order confirming the award.

of Honolulu (UPW), 119 Hawai'i 201, 210, 194 P.3d 1163, 1172 (App. 2008), cert. rejected, 2009 WL 766218 (Hawai'i Feb. 13, 2009). Hawai'i has codified the RUAA as HRS Chapter 658A. UPW, 119 Hawai'i at 202, 194 P.3d at 1164.

HRS § 658A-22 provides:

> §658A-22 Confirmation of award. After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

Section 22 of the RUAA provides:

> SECTION 22. CONFIRMATION OF AWARD. After a party to an arbitration proceeding receives notice of an award, the party may make a [motion] [sic] to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to Section 20 or 24 or is vacated pursuant to Section 23.

The comments to Section 22 of the RUAA provide:

> 1. The language in Section 22 has been changed to be similar to that in [Federal Arbitration Act] Section 9 to indicate that a court has jurisdiction at the time a party files a motion to confirm an award unless the award has been changed under Section 20 or vacated, modified or corrected under Section 23 or 24. Although a losing party to an arbitration has 90 days after the arbitrator gives notice of the award to file a motion to vacate under Section 23(b) or to file a motion to modify or correct under Section 24(a), a court need not wait 90 days before taking jurisdiction if the winning party files a motion to confirm under Section 22. Otherwise the losing party would have this period of 90 days in which possibly to dissipate or otherwise dispose of assets necessary to satisfy an arbitration award. If the winning party files a motion to confirm prior to 90 days after the arbitrator gives notice of the award, the losing party can either (1) file a motion to vacate or modify at that time or (2) file a motion to vacate or modify within the 90-day statutory period.
>
> 2. The Drafting Committee considered but rejected the language in [Federal Arbitration Act] Section 9 that limits a motion to confirm an award to a one-year period of time. The consensus of the Drafting Committee was that the general statute of limitations in a State for the filing and execution on a judgment should apply.

Because the language of HRS § 658A-22 is virtually identical to the language of the federal arbitration statute, we may look to federal authority for guidance in the interpretation

of HRS § 658A-22. <u>Bateman Constr., Inc. v. Haitsuka Bros., Ltd.</u>, 77 Hawai'i 481, 485, 889 P.2d 58, 62 (1995).

In <u>Ottley v. Schwartzberg</u>, 819 F.2d 373 (2d Cir. 1987), the United States Court of Appeals for the Second Circuit (Second Circuit) set forth the following facts of the case. After an arbitration award had been issued, Ottley filed a petition in the United States District Court for the Southern District of New York to confirm the arbitration award. 819 F.2d at 374-75. Respondents argued that "while they 'did not wish to oppose confirmation,' the petition to confirm was inappropriate inasmuch as the alleged default had been cured." <u>Id.</u> at 375 (Brackets omitted). The district court denied confirmation of the award and remanded the matter to the arbitrator to determine whether Respondents were in compliance with the award. <u>Id.</u> at 375. Ottley appealed the district court's decision. <u>Id.</u> The Second Circuit held that "[a]bsent a statutory basis for modification or vacatur, the district court's task was to confirm the arbitrator's final award as mandated by section 9 of the [Federal Arbitration] Act." <u>Ottley</u>, 819 F.2d at 376. The Second Circuit also held that it was improper to remand the matter to the arbitrator for a determination of the parties' compliance because such compliance was not within the scope of matters initially presented to the arbitrator. <u>Id.</u> The Second Circuit reversed and remanded the case to the district court with instructions to grant the petition to confirm the award. <u>Id.</u> at 377.

In <u>District Council No. 9 v. APC Painting, Inc.</u>, 272 F. Supp. 2d 229 (S.D.N.Y. 2003), the defendants opposed the confirmation of several arbitration awards against them on the grounds, inter alia, that the awards had been satisfied. <u>Id.</u> at 239. The court stated:

> But whether these awards have been satisfied -- a fact
> disputed by plaintiff -- has no bearing on whether the
> arbitration awards should be confirmed. *See Hotel Employees*
> *& Rest. Employees, Dist. 1115 v. Sidjay of New Jersey*, 1993
> WL 645982 at *4 n.3 (D.N.J. Aug 25, 1993) (confirming an
> arbitration award with the expectation that the employers

> would be credited for any amount already paid). Indeed, as the defendants themselves have pointed out subsequent to the briefing, a court may confirm an arbitration award against a party even when the party has complied with that award. *See Ottley v. Schwartzberg*, 819 F.2d 373, 376-77 (2d Cir. 1987); *see also Am. Nursing Home v. Local 144 [Hotel, Hospital, Nursing Home & Allied Services Union, SEIU, AFL-CIO]*, 1992 WL 47553 at *2 (S.D.N.Y. Mar 4, 1992) ("The issues of compliance and confirmation are distinct from each other. A court may confirm an arbitration award even in the absence of a showing of non-compliance.") (citation omitted).

Id.

In Collins v. D.R. Horton, Inc., 361 F. Supp. 2d 1085 (D. Ariz. 2005), a final arbitration award was issued in favor of plaintiffs on their breach-of-contract claims related to wages, but not on their contract and fraud claims arising out of the defendant's alleged promise to give plaintiffs 30,000 shares of stock. Id. at 1090. Plaintiffs then filed a motion to confirm the part of the award in their favor and vacate the part of the award not in their favor. Id. Defendant argued that plaintiffs' "request for confirmation is spurious because [p]laintiffs have already been paid the arbitration award, with the exception of the amounts at issue in the parties['] dispute over interest." Id. at 1093. The court stated:

> This argument is unavailing. Regardless of whether the undisputed amounts have already been paid, Plaintiffs are still entitled to an order confirming those amounts. 9 U.S.C. § 9 is phrased in mandatory terms. It provides that, upon application, a district court "*must* grant [a confirmation] order" unless the arbitration award is modified, vacated, or corrected. 9 U.S.C. § 9 (emphasis added). The mere fact that Horton has satisfied a portion of its obligation under the arbitration award does not divest the court of authority to confirm that portion of the award -- satisfaction and confirmation are separate issues. *See District Council No. 9 v. APC Painting, Inc.*, 272 F. Supp. 2d 229, 239 (S.D.N.Y. 2003) (holding that the fact that the defendant had satisfied the arbitration awards at issue was irrelevant to whether the court should confirm the awards under 9 U.S.C. § 9.)

Id.

More recently in Zeiler v. Deitsch, 500 F.3d 157 (2d Cir. 2007), the Second Circuit, citing to District Council No. 9 and Collins, affirmed that satisfaction of an award is not a basis to deny confirmation. 500 F.3d at 169.

The above cases support confirmation of an arbitration award despite compliance or satisfaction because (1) the plain language of the applicable statute mandates confirmation of the award unless it is modified, corrected, or vacated and (2) confirmation is concerned with the propriety of the award itself and is unrelated to enforcement of the award.

However, other jurisdictions do not distinguish between confirmation and enforcement of an arbitration award and, thus, would not confirm an award that has been satisfied. In Derwin v. General Dynamics Corp., 719 F.2d 484 (1st Cir. 1983), the United States Court of Appeals for the First Circuit (First Circuit) criticized the bifurcated approach that distinguished between a proceeding to confirm an arbitration award and one to enforce it. Id. at 490-93. In Derwin, a labor union and General Dynamics Corp. abided by a 1979 unconfirmed arbitration award. Id. at 486. In 1982, the union brought suit in Massachusetts Superior Court to confirm the award after a disagreement between the parties arose. Id. General Dynamics removed the state court action to the United States District Court for the District of Massachusetts. Id. The district court held that the labor union was time barred from confirming the award under 9 U.S.C. § 9. Id. The union appealed. Id. at 485. The First Circuit held that the labor union's action was not time barred because Massachusetts General Law Chapter 150C, § 10 was the proper statute of limitation and that statute imposed no time limit for filing suit to confirm an award. Id. at 489-90.

Despite finding that the district court's reason to deny confirmation of the award was error, the First Circuit affirmed the denial of confirmation of the award on the ground that confirmation was unwarranted. Id. at 490. The First Circuit noted that the labor union did not seek a resolution of a concrete dispute between the parties, did not allege that General Dynamics repudiated or violated the 1979 award, and did not request specific enforcement of the 1979 award. Id. The First

Circuit stated that it was "simply being asked to put its imprimatur upon an arbitral award in a vacuum." Id. at 491. The court explained:

> But while this is a possible procedure, we question the need for or wisdom of this bifurcated approach. It seems to us cumbersome, unnecessary, and potentially misleading -- especially as an order of confirmation issued in a factual vacuum may result in unpredictable pressure and aspersions upon the party against whom the order runs. Entry of a declaration "confirming" the award may be taken to imply that the defendant is in fact violating it. Courts, after all, do not enjoin parties from violating the law without proof of a real likelihood that such will happen. At very least, it is hard to fathom what the present debate over confirmation portends. Both parties profess to agree that the Stutz award is binding. A decree confirming it at this time will merely give the parties something more to argue about. Under the circumstances, Article III's prudential values and concerns of judicial economy strongly counsel against the entry of a confirmatory order.

Id. at 491-92.

In Local 2414 of United Mine Workers of America v. Consolidated Coal Co., 682 F. Supp. 399 (S.D. Ill. 1988), the court was faced with the same issue: whether to confirm an arbitration award where there was "no showing there exists any controversy regarding the validity of or [defendant's] compliance with the awards." Id. at 399. The court stated:

> Here, however, neither party has contended that the awards were invalid or that they have not been complied with. Likewise, neither party has alleged that the arbitrators exceeded their powers. The sole issue raised seems to be that since there is no controversy concerning the awards' validity or the defendant's compliance with them, it is improper to confirm the awards pursuant to 9 U.S.C. § 9. Thus, the sole issue to be decided by the Court is whether, under these circumstances, the plaintiff is entitled to confirmation.
>
> . . . Analysis of the cases that are reported suggests that, as used in the statute, the term "confirm" is synonymous with the term "enforce." See e.g. [Comprehensive Accounting Corp. v. Rudell, 760 F.2d 138 (7th Cir. 1985)] (where the term "enforce" is parenthetically inserted next to the term "confirm"). This construction of "confirm" becomes significant where a court is asked to "confirm" an award over which there is no dispute.
>
> The Arbitration Act, 9 U.S.C. § 1 et seq., was enacted to establish arbitration as a desirable alternative to the complications of litigation. Wilko v. Swan, 346 U.S. 427, 431, 74 S. Ct. 182, 184, 98 L. Ed. 168 (1953). In an effort

9

> to limit the scope of review of arbitration awards by federal courts, thus insuring their finality and conclusiveness, Congress has significantly limited the grounds upon which these awards may be set aside or corrected by the courts. *See* 9 U.S.C. §§ 10, 11. Thus, it is apparent that Congress did not intend for district courts to make unwarranted judicial intrusions into the arbitration process. It would seem that only when there is a bona fide dispute over the award, limited to the statutory bases, may a district court review an otherwise valid award.
>
> To confirm (enforce) an award in light of this analysis, it follows *a fortiori* that there must first be an underlying dispute regarding its validity or application. That is to say it is manifest that there must be some type of controversy necessitating judicial enforcement of an award in order to justify its confirmation by court order. In cases such as the instant one where there is no new dispute, ". . . the court is simply being asked to put its imprimatur upon an arbitral award in a vacuum." [*Derwin*, 719 F.2d [at] 491].
>
> The *Derwin* case, with regard to the controversy issue, is factually identical to the one at bar. There, as here, the union did not allege that the company had repudiated or violated the award, nor was relief for specific enforcement prayed for.

Id. at 399-400 (record reference omitted).

In Derwin and Local 2414, confirmation of the arbitration award was equated to a mechanism to enforce an arbitration award. Without the need to enforce an award, the courts in Derwin and Local 2414 would determine that confirming the award would be moot. Those cases reject the plain language statutory construction argument as well as separation between confirmation and enforcement proceedings recognized in Ottley, District Council No. 9, and Collins.

USAA also cites to Kenneth W. Brooks Trust A. v. Pacific Media, L.L.C., 44 P.3d 938 (Wash. Ct. App. 2002), and Stewart Title Guaranty Co. v. Tilden, 64 P.3d 739 (Wyo. 2003), in support of its argument that an arbitration award that has been satisfied should not be confirmed because the award rendered any need for confirmation moot. In Brooks Trust and Tilden, both courts acknowledge statutory language which mandates that the court confirm an arbitration award that has not been modified, corrected, or vacated. Brooks Trust, 44 P.3d at 941; Tilden, 64

P.3d at 741. However, both courts held that the respective arbitration awards should not be confirmed because the awards had been satisfied -- thereby rendering moot any controversy. Brooks Trust, 44 P.3d at 942; Tilden, 64 P.3d at 742.

We find the plain language statutory construction and the reasoning behind separating confirmation and enforcement proceedings persuasive for several reasons. In UPW, this court recognized that a motion to confirm an award is distinct from a motion to enforce a judgment confirming an arbitration award. 119 Hawai'i at 208-09, 194 P.3d at 1170-71. In UPW, a labor union sought attorney's fees for prevailing on a motion to enforce an uncontested judgment confirming an arbitration award. Id. at 202, 194 P.3d at 1164. This court stated that HRS § 658A-22 relates to confirmation of an arbitration award and that under HRS § 658A-25, a party may recover attorney's fees for prevailing in a contested judicial proceeding to confirm, vacate, modify, or correct an arbitration award. UPW, 119 Hawai'i at 208-09, 194 P.3d at 1170-71. This court rejected the argument that attorney's fees related to a motion to enforce a judgment were justified for non-compliance with an arbitration award under HRS § 658A-25 (Supp. 2009). UPW, 119 Hawai'i at 211-12, 194 P.3d at 1173-74. UPW indicates that this jurisdiction has adopted the bifurcated approach in Ottley and has rejected the rationale of Derwin and Local 2414 that equates a confirmation action with enforcement proceedings.

We also do not conclude that the existing controversy rationale in Derwin and Local 2414 provides a basis to overcome the plain language statutory interpretation of HRS § 658A-22. The plain language of HRS § 658A-22 requires the circuit court to confirm an award unless the award has been vacated, modified, or corrected. There is no language in HRS § 658A-22 requiring a party to object to confirmation of an arbitration award. In fact, the RUAA contemplates that an uncontested motion to confirm

an arbitration award will be granted.    As noted in UPW, the Comments to RUAA § 25(c) provide:

> (4) The right to recover post-award litigation expenses does not apply if a party's resistence to the award is entirely passive but only where there is "a contested judicial proceeding."  The situation of an uncontested judicial proceeding, e.g., to confirm an arbitration award, will most often occur when a party simply cannot pay an amount awarded.  If a party lacks the ability to comply with the award and does not resist a motion to confirm the award, the subsection does not impose further liability for the prevailing party's fees and expenses.  These expenditures should be nominal in a situation in which a motion to confirm is made but not opposed.

UPW, 119 Hawaiʻi at 211, 194 P.3d at 1173.

Because "HRS § 658A-25 is almost identical to section 25 of the RUAA," UPW, 119 Hawaiʻi at 210, 194 P.3d at 1172, the Comments to RUAA § 25 are also useful in interpreting HRS § 658A-25.  The Comments to RUAA § 25 clearly demonstrate that opposition to confirmation of an arbitration award is not required before the court can confirm the award.  The RUAA is not concerned with compliance in a proceeding to confirm the award.

In addition, when Mikelson and USAA entered into an agreement to arbitrate they became subject to the provisions of HRS § 658A-4 (Supp. 2009).  HRS § 658A-4(c) provides:  "A party to an agreement to arbitrate or arbitration proceeding shall not waive, or the parties shall not vary the effect of, the requirements of this section or section 658A-3(a) or (c), 658A-7, 658A-14, 658A-18, 658A-20(d) or (e), 658A-22, 658A-23, 658A-24, 658A-25(a) or (b), or 658A-29."  USAA seeks to vary the effect of HRS § 658A-22 by avoiding confirmation of the arbitration altogether.  Such an action is prohibited by HRS § 658A-4(c).

We also find the cases cited by USAA distinguishable, and therefore, inapplicable.  The statute at issue in Brooks Trust stated that "[w]ithin one year after an award in arbitration, 'any party to the arbitration may apply to the court for an order confirming the award, and the court shall grant such an order unless the award is beyond the jurisdiction of the court, or is vacated, modified, or corrected, as provided in RCW

[Wash. Rev. Code] 7.04.160 and 7.04.170.' RCW 7.04.150." Brooks Trust, 44 P.3d at 941 (footnote omitted). However, RCW 7.04.150 was not based upon the RUAA. The RUAA was adopted by the Washington Legislature in 2005. 2005 Wash. Sess. Laws Chapter 433. The same law that enacted the RUAA in Washington also repealed RCW 7.04.150. 2005 Wash. Sess. Laws Chapter 433, § 50.

In Tilden, the court discussed Wyo. Stat. Ann. § 1-36-113, which provides: "Upon application of a party the court shall confirm the award unless within the time limits allowed grounds are urged for vacating or modifying the award." Tilden, 64 P.3d at 741 (brackets omitted). However, Wyo. Stat. Ann. § 1-36-113 was first enacted in 1959, 1959 Wyo. Sess. Laws Ch. 116 § 11, and last modified in 1977, 1977 Wyo. Sess. Laws Ch. 188 § 1. Thus, it was also not based upon the RUAA.

Even when this court looks to HRS 658-8,[3] the prior statute dealing with confirmation of an arbitration award, USAA's contention is not supported by the law. In Board of Directors of Ass'n of Apartment Owners of Tropicana Manor v. Jeffers, 73 Haw. 201, 830 P.2d 503 (1992), the Hawai'i Supreme Court stated that "HRS § 658-8 contemplates a judicial confirmation of the award issued by the arbitrator, 'unless the award is vacated, modified, or corrected' in accord with HRS §§ 658-9 and 658-10." Tropicana

---

[3] Prior to its repeal in 2001, HRS § 658-8 provided:

§658-8 Award: confirming award. The award shall be in writing and acknowledged or proved in like manner as a deed for the conveyance of real estate, and delivered to one of the parties or the party's attorney. A copy of the award shall be served by the arbitrators on each of the other parties to the arbitration, personally or by registered or certified mail. At any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court specified in the agreement, or if none is specified, to the circuit court of the judicial circuit in which the arbitration was had, for an order confirming the award. Thereupon the court shall grant such an order, unless the award is vacated, modified, or corrected, as prescribed in sections 658-9 and 658-10. The record shall be filed with the motion as provided by section 658-13, and notice of the motion shall be served upon the adverse party, or the adverse party's attorney, as prescribed for service of notice of a motion in an action in the same court.

Manor, 73 Haw. at 207, 830 P.2d at 507.  The court went on to hold that "no award can be considered final, despite the intentions of the parties, until court confirmation of the award has been obtained."  Id. at 209, 830 P.3d at 508.

In Kalawaia v. AIG Hawai'i Insurance Co., 90 Hawai'i 167, 172-75, 977 P.2d 175, 180-83 (1999), one of the issues was whether the circuit court could award interest after an arbitration award had been issued.  In holding that a circuit court may award such interest, the Hawai'i Supreme Court stated:

> Nevertheless, the circuit court has the authority to award interest commencing on the date of the arbitration award or later.  Once the arbitration award is issued, confirmation of the award could be delayed by the adverse party.  Delay in the confirmation of the judgment would be redressable through the award of interest.  This will not increase the amount awarded by the arbitrators during the arbitration portion of the proceedings.  As noted, however, it may be necessary to correct injustice caused by delay in the confirmation of the award.  The award is not final and executable until confirmed by the circuit court.  See Tropicana Manor, 73 Haw. at 206, 830 P.2d at 508 (stating that "no award can be considered final, despite the intentions of the parties, until court confirmation of the award has been obtained.").

Id. at 174, 977 P.2d at 182 (emphasis added).

Under HRS § 658-8, it appears that confirmation of the arbitration award was required to provide a final and executable award.  If HRS § 658-8 were applicable, Mikelson would still be entitled to confirmation of the award because the arbitration award was not final.

USAA's sole argument below and on appeal was that the confirmation would be moot.  Because the confirmation would not have been moot and USAA failed to challenge confirmation of the award based upon the statutory grounds in HRS §§ 658A-20, -23, and -24, the circuit court was obligated to confirm the award.  HRS § 658A-22.  The circuit court did not err by confirming the arbitration award.

## IV.

The "Order Granting Plaintiff Mathew S. Mikelson's Motion for Order Confirming Arbitration Award" filed on

December 7, 2006 in the Circuit Court of the First Circuit is affirmed.

On the briefs:

Terrance M. Revere
(Motooka Yamamoto & Revere)
for Defendant-Appellant.

Alan Van Etten
Tred R. Eyerly
(Damon Key Leong Kupchak
  Hastert)
for Plaintiff-Appellee.