**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000382
26-MAY-2026
07:50 AM
Dkt. 100 SO**

NO. CAAP-24-0000382

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE ARBITRATION BETWEEN
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646 AFL-CIO,
Union-Appellee/Cross-Appellant,
and
CITY AND COUNTY OF HONOLULU,
DEPARTMENT OF ENVIRONMENTAL SERVICES, REFUSE DIVISION
(restoration and expansion of public refuse collection);
DA-15-14 (2015-017),
Employer-Appellant/Cross-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CSP-24-0000168)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Employer-Appellant/Cross-Appellee City and County of Honolulu, Department of Environmental Services, Refuse Division (the **City**) appeals from a May 3, 2024 Judgment (**Judgment**) entered in the Circuit Court of the First Circuit (**Circuit Court**).[1] Union-Appellee/Cross-Appellant United Public Workers, AFSCME, Local 646, AFL-CIO (**UPW**) cross-appeals from the Judgment; UPW also challenges an April 29, 2024 Order Granting Union's Motion to Confirm Arbitration Decision and Award, Entry of Judgment, and Other Relief Filed on February 14, 2024 (**Confirmation Order**).

---

[1]    The Honorable John M. Tonaki presided.

The City raises one point of error on appeal, contending that the Circuit Court erred in granting UPW's motion to confirm a June 17, 2020 arbitration decision and award issued by Arbitrator Ted Sakai (**Arbitrator**) (**Arbitration Award**).

UPW raises two points of error on cross-appeal, contending that the Circuit Court abused its discretion in denying UPW its costs and attorneys' fees.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the parties' points of error as follows:

(1)  The City argues that the Arbitration Award was not subject to confirmation pursuant to Hawaii Revised Statutes (**HRS**) § 658A-22 (2016), which provides:

> **§ 658A-22  Confirmation of an award.**  After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

The City submits that the Arbitration Award was not "final and definite" because the Arbitrator "retained jurisdiction" to ensure compliance with the remedial terms and conditions set forth in the Arbitration Award.  The City maintains that the Arbitration Award was an intermediate determination and only arbitration awards that address all claims and all parties, and provide complete relief, can be confirmed. The City further argues that UPW's request for the Arbitrator to make a "final and binding determination" as to the City's noncompliance with the Arbitration Award signifies that the award is not subject to confirmation under HRS § 658A-22.

2

We review the Circuit Court's ruling on the motion to confirm *de novo*, "but [this court] also [is] mindful that the [circuit] court's review of arbitral awards must be 'extremely narrow and exceedingly deferential.'" Tatibouet v. Ellsworth, 99 Hawaiʻi 226, 233, 54 P.3d 397, 404 (2002) (citation omitted).

As the Circuit Court noted at the April 9, 2024 hearing on the motion to confirm, the Arbitration Award states that it is a "final arbitration decision and award." The Arbitration Award determined the merits of the arbitrated issues and states that the Arbitrator retains jurisdiction "to ensure compliance" with the "remedial terms and conditions" set forth in the Arbitration Award. Cf. United Pub. Workers, AFSCME, Local 646, AFL-CIO v. City & Cnty. of Honolulu, 124 Hawaiʻi 367, 370, 244 P.3d 604, 607 (App. 2010) (holding that there was no appellate jurisdiction over an order confirming a determination of arbitrability where the arbitrator retained jurisdiction to determine the *merits of the case*). The Arbitration Award ordered any disputes over noncompliance to be submitted to the Arbitrator "for final and binding determination by a subsequent award."

The City does not dispute that the Arbitration Award resolved the merits of the dispute brought before the Arbitrator. Instead, it focuses on the Arbitrator's "retaining jurisdiction" to determine any alleged noncompliance with the Award, arguing that the underlying arbitration is ongoing. Both parties acknowledge that they have returned to arbitration to address the City's alleged noncompliance with the remedial terms and conditions of the Arbitration Award. We conclude that the Arbitration Award resolved the merits of the issues initially

3

submitted to arbitration and that the award was subject to confirmation under HRS § 658A-22.  The fact that further arbitration was conducted, essentially post-award enforcement proceedings, does not prevent confirmation of a final award determining the merits of the dispute between the parties to the arbitration.

The City also argues that the motion to confirm the Arbitration Award was untimely because it was filed almost four years after the Arbitration Award was issued.  The City acknowledges, however, that HRS § 658A does not set forth a deadline to file motions to confirm.  The City nevertheless argues that such motions are "inextricably linked" to motions to vacate motions to modify or correct arbitration awards and therefore should be subject to the same 90-day filing deadline.

"Questions of statutory interpretation are questions of law to be reviewed *de novo* under the right/wrong standard."  Hilo Bay Marina, LLC v. State, 156 Hawaiʻi 478, 488, 575 P.3d 568, 578 (2025) (citation omitted).  Courts are guided by the following principles when construing statutes:

> [O]ur foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.
>
> When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists[.]
>
> In construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning. Moreover, the courts may resort to extrinsic aids in determining legislative intent.  One avenue is the use of legislative history as an interpretive tool.

4

> This court may also consider the reason and spirit of the law, and the cause which induced the legislature to enact it to discover its true meaning.

Id. (citation omitted).

This court often refers to the Uniform Arbitration Act (**UAA**) and its commentary for guidance on HRS § 658A. Mikelson v. United Servs. Auto. Ass'n, 122 Hawaiʻi 393, 227 P.3d 559 (App. 2010). In Mikelson, this court concluded that "[b]ecause the language of HRS § 658A-22 is virtually identical to the language of the federal arbitration statute, we may look to federal authority for guidance in the interpretation of HRS § 658A-22." 122 Hawaiʻi at 396, 227 P.3d at 562. Commentary to Section 22 thus provides guidance in interpreting HRS § 658A-22:

> 1. The language in Section 22 has been changed to be similar to that in [Federal Arbitration Act] Section 9 to indicate that a court has jurisdiction at the time a party files a motion to confirm an award unless the award has been changed under Section 20 or vacated, modified or corrected under Section 23 or 24. Although a losing party to an arbitration has 90 days after the arbitrator gives notice of the award to file a motion to vacate under Section 23(b) or to file a motion to modify or correct under Section 24(a), a court need not wait 90 days before taking jurisdiction if the winning party files a motion to confirm under Section 22. Otherwise the losing party would have this period of 90 days in which possibly to dissipate or otherwise dispose of assets necessary to satisfy an arbitration award. If the winning party files a motion to confirm prior to 90 days after the arbitrator gives notice of the award, the losing party can either (1) file a motion to vacate or modify at that time or (2) file a motion to vacate or modify within the 90-day statutory period.
>
> 2. The Drafting Committee considered but rejected the language in [Federal Arbitration Act] Section 9 that limits a motion to confirm an award to a one-year period of time. The consensus of the Drafting Committee was that the general statute of limitations in a State for the filing and execution on a judgment should apply.

Mikelson, 122 Hawaiʻi at 396, 227 P.3d at 562.

As noted, motions to confirm were not intended to be subject to the same 90-day deadline as motions to vacate or motions to modify or correct arbitration awards. The City has

5

not pointed to any deadline or statute of limitations. Thus, we conclude that the untimeliness argument is without merit.

(2) UPW argues that the Circuit Court abused its discretion by denying its request for attorneys' fees and costs pursuant to HRS § 658A-25(b) and (c), because (1) the court granted the motion to confirm, and (2) the City's April 1, 2024 memorandum in opposition to UPW's motion to confirm (**Opposition**) did not satisfy the City's burden to properly oppose an award of costs. UPW argues that: (1) Rule 54 of the Hawaiʻi Rules of Civil Procedure (**HRCP**) should apply; (2) HRCP Rule 54(d) creates a presumption of costs awarded to the prevailing party; and (3) the Circuit Court erred in failing to explain its denial of costs pursuant to that presumption.

HRS § 658A-25(b) states that "[a] court <u>may</u> allow reasonable costs of the motion and subsequent judicial proceedings." (Emphasis added). HRS § 658A-25(c) states in relevant part that a court "may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming . . . an award" upon application from a prevailing party to a contested judicial proceeding under HRS §§ 658A-22, -23, or -24. Thus, a court has discretion to award attorneys' fees and litigation expenses under the circumstances present here. <u>In re [UPW], Local 646, & Dep't of Transp.</u>, 149 Hawaiʻi 215, 221, 487 P.3d 302, 308 (2021); <u>In re [UPW], Local 646, & [the City]</u>, 119 Hawaiʻi 201, 210, 194 P.3d 1163, 1172 (App. 2008).

However, UPW's argument conflates the presumption under HRCP Rule 54 and the discretion of the Circuit Court under HRS chapter 658A. HRCP Rule 81(a)(5) states that the HRCP does not apply to "[a]pplications to a circuit court under chapter 658A, relating to arbitration, and proceedings thereon prior to judgment[.]" This court has previously rejected the argument that HRCP Rule 54(d) creates a presumption of awarding costs to a prevailing party under HRS § 658A-25(b), based on the reasoning that HRCP Rule 54(d) was inapplicable and HRS § 658A-25(b) gave the court discretion to grant or deny costs. In re [UPW], Local 646, & Dep't of Transp., No. CAAP-16-0000666, 2020 WL 1233430, at *7 (Haw. App. Mar. 13, 2020) (mem. op.). UPW's argument here is thus unconvincing and we conclude that it was within the Circuit Court's discretion to grant or deny costs.

Regarding the denial of attorneys' fees, we note that Commentary to Section 25 of the UAA states, in relevant part, "[p]otential liability for the opposing parties' post-award litigation expenditures will tend to discourage all but the most meritorious challenges of arbitration awards." RTI Connectivity Pte. Ltd. v. Gateway Network Connections, LLC, No. CV 22-00302 LEK-RT, 2023 WL 4273516, at *4 (D. Haw. June 29, 2023) (Order) (**RTI**). The United States District Court for the District of Hawaiʻi (**District Court**) thus concluded in RTI that "attorneys' fees serve the purpose of discouraging a party from a nonmeritorious challenge to an arbitration award[.]" Id. The District Court considered several factors in deciding whether to award attorney's fees pursuant to HRS § 658A-25(c): (1) whether

7

there was "some merit" to the opposition to a motion to confirm; (2) whether the opposition resulted in "drawn-out confirmation proceedings;" and (3) "whether the Plaintiff was pro se and whether there was a prior award of attorney's fees[.]" <u>RTI</u>, 2023 WL 4273516, at *5 (internal quotation marks and citations omitted). The District Court considered the first two factors and concluded that attorneys' fees were not warranted because there was merit to the opposition and there was no delay in the proceedings caused by the opposition. <u>Id.</u> at *5-*6.[2]

Considering those factors here, while there was no award of attorneys' fees below, the Opposition did not result in "drawn-out confirmation proceedings." And although the Circuit Court did not adopt the City's arguments, it recognized that there was some potential merit to them. For example, at the hearing on the motion to confirm, the Circuit Court expressed concern about the timing of the motion. There is not particularly clear precedent regarding the types of awards that are subject to confirmation under HRS § 658A-22, so the City's challenge was not patently unreasonable. Thus, we conclude that UPW has not demonstrated that the Circuit Court "clearly exceeded the bounds of reason or disregarded the rules or principles of law or practice to [UPW's] substantial detriment" in declining to award attorneys' fees here. <u>See</u> <u>Ranger Ins. Co. v. Hinshaw</u>, 103 Hawaiʻi 26, 30, 79 P.3d 119, 123 (2003) (stating the applicable standard of review).

---

[2] The District Court noted that the arbitrators had erroneously referred to the order at issue as a "temporary restraining order," and the District Court acknowledged that the plaintiffs relied on this labeling to expedite the hearing on the motion to confirm. <u>Id.</u>, at *5.

For these reasons, the Circuit Court's May 3, 2024

Judgment and April 29, 2024 Confirmation Order are affirmed.

DATED:  Honolulu, Hawaiʻi, May 26, 2026.

On the briefs:                        /s/ Katherine G. Leonard
                                      Presiding Judge
Herbert R. Takahashi,
Rebecca L. Covert,                    /s/ Keith K. Hiraoka
(Takahashi and Covert),               Associate Judge
for Union-Appellee/Cross-
Appellant                             /s/ Kimberly T. Guidry
                                      Associate Judge
Ernest H. Nomura,
Deputy Corporation Counsel,
City & County of Honolulu,
for Employer-Appellant/Cross-
Appellee